State v. Henley.

THE STATE, Defendant in Error, v. HENLEY, Plaintiff in Error.

1. An indictment charging that the defendant, "at, &c., on, &c., feloniously, burglariously, and forcibly did break into and enter a certain meat-house and building, the property of one B., then and there being, by forcibly breaking the lock and door thereof, in which said meat-house and building there were then and there, at the time aforesaid, goods, wares and merchandise, and other valuable things kept and deposited; and that the said H. so brake into and entered said meat-house and building, as aforesaid, with intent then and there to commit a larceny, by then and there feloniously stealing, taking and carrying away the goods, chattels and personal property of the said B.; and five pieces of pork, &c., [describing the articles and giving their values;] all of the goods, chattels and personal property and valuable things of the said B., then and there being found in said meat-house and building, he, the said H., did then and there feloniously take and carry away, contrary," &c., is a good indictment under the sixteenth section of the third article of the act concerning crimes and punishments. (R. C. 1855, p. 573, § 16.)

2. Where a person is prosecuted for both burglary and larceny in the same indictment, and is convicted of both offences, he may, under the nineteenth section of the third article of the act concerning crimes and punishments (R. C. 1855, p. 574), be punished by imprisonment in the penitentiary, in addition to the punishment prescribed for the burglary, not exceeding five years. The jury would be authorized in such case to assess the punishment for the larceny, in addition to that for the burglary, at any period not exceeding five years.

### Error to Cole Circuit Court.

The following is the instruction referred to below in the opinion of the court: "If the jury believe from the evidence that the prisoner, at the county of Cole, at any time within three years next before the finding of this indictment, felo-

niously, burglariously and forcibly broke into and entered the meat-house and building of Jesse B. Baber by forcibly breaking the lock thereof, with intent to commit a larceny by feloniously taking and carrying away any goods, chattels and personal property of any value whatever, they will find him guilty of burglary in the second degree, and assess his punishment to not less than three years in the penitentiary; but if the jury further find that the prisoner, after burglariously, feloniously and forcibly entering said meat-house and building, did feloniously steal, take and carry away any goods, personal property or valuable thing of any value whatever, they will find him guilty of both burglary and larceny, and assess his punishment to five years in the penitentiary."

The defendant was found guilty, and his punishment assessed at five years' imprisonment in the penitentiary.

*Batte, Belch & Lay*, for plaintiff in error.

I. The court should have sustained the motion to quash and the motion in arrest of judgment. The indictment for burglary was bad at common law. (Whart. C. L. p. 685.) No statutory provisions make it good. It is not good under the sixteenth section of the third article of the act concerning crimes and punishments. It ought to have charged directly and affirmatively either that he broke and entered the building with intent to steal or commit a felony therein, or that he broke and entered said building with intent to steal the goods, wares and merchandise of the said Baber, which were at the time kept and deposited in said building, and not merely the intent to steal the goods, &c., of Baber, without alleging that it was the particular goods kept and deposited in said building. The indictment must charge an intent to commit a felony in the building, the intent to steal the particular goods deposited. (See Whart. C. L. p. 238; 1 Chit. C. L. p. 282.) This defect is not cured because defendant is charged with the actual commission of a felony in said building.

II. The instructions given were erroneous. The punish-

‾ment prescribed in the second instruction in case of conviction of both burglary and larceny is erroneous. The minimum pnishment for burglary is three years. Under section nineteen the jury might assess the punishment for the larceny at imprisonment for any period not exceeding five years. The court had no right to fix the punishment arbitrarily. The other instructions were wrong.

*Knott*, (attorney general,) for the State.

I. The indictment is sufficient. (16 Mo. 550; R. C. 1855, p. 574, § 19; 3 Rawle, 207; 3 Fost. 301; 20 Pick. 356; 3 Metc. 816.) The court committed no error in giving instructions. The defendant can not complain of the second instruction. It fixes the lowest punishment that could be inflicted under the law. Three years is the shortest term for burglary alone. Two years is the shortest term for the larceny.

EWING, Judge, delivered the opinion of the court.

This was an indictment for burglary and larceny under the sixteenth section of the third article of the act concerning crimes and punishments, which declares that every person convicted of breaking and entering any shop, store, booth, tent, warehouse, or other building, or any boat or vessel, in which there shall be at the time some human being, or any goods, wares, merchandise or other valuable thing kept or deposited, with intent to steal or commit any felony therein, shall, on conviction, be adjudged guilty of burglary in the second degree." The indictment charges that the defendant "at, &c., on, &c., feloniously and forcibly did break into and enter a certain meat-house and building, the property of one Jesse B. Baber, then and there being, by forcibly breaking the lock and door thereof, in which said meat-house and building there were then and there, at the time aforesaid, goods, wares and merchandise and other valuable things kept and deposited; and that the said Stephen Henley so brake into and entered said meat-house and building

as aforesaid, with intent then and there to commit a larceny by then and there feloniously stealing, taking and carrying away the goods, chattels and personal property of the said Jesse B. Baber, and five pieces of pork of the value of ten dollars, five pieces of bacon of the value of ten dollars, eighty pounds of pork of the value of ten dollars, and one bag of meal of the value of one dollar, all of the goods, chattels and personal property and valuable things of the said Jesse B. Baber, then and there being found in said meat-house and building, he, the said Stephen Henley, did then and there feloniously steal, take and carry away, contrary," &c.

It is maintained that the indictment is defective in omitting to charge the offence definitely and with the requisite certainty; that it fails to charge a breaking and entering of the building with intent to commit a felony *therein*, or to steal the goods, &c., of the said Baber *which were at the time kept and deposited in said building*. The constituents of the grade of burglary intended to be charged are a breaking and entering a building, in which there are goods, &c., kept, with intent to steal such goods. The indictment alleges the breaking and entering the house of Baber; that there were at the time goods, chattels, &c., kept and deposited therein, and then it alleges the intent with which the house was broken and entered—namely, to commit a felony by taking and carrying away the goods and personal property of said Baber, which are enumerated, and then adds, "all of the goods, chattels and personal property of the said Jesse B. Baber, then and there *being found in said meat-house* and building, he, the said Henley, did then and there feloniously steal," &c. The charge *totidem verbis* of an intent to steal the goods kept or deposited in said house would not, it is conceived, be more specific or certain than the averment, in the language of the indictment, of a breaking and entering with an intent to steal and carry away the goods of Baber, there being an antecedent averment that the building so burglariously entered was the property of Baber, and that goods

and chattels were kept or deposited therein. If the defendant is charged with a burglary with intent to steal the goods of Baber, which were then kept in the house so entered, what is the obvious intendment of the allegation that he entered said house with intent to steal the goods of Baber? What goods but those deposited in the house does the averment apply to? Were they other goods—goods kept elsewhere than in the building which he is charged with having entered with intent to steal?

But the objection to the indictment is invalid on another ground. Had there been no averment in so many words of a felonious *intent* in charging the offence of burglary, the charge of an actual felony in stealing the goods is a sufficient averment of intent. If the indictment charge a burglary with intent to commit a felony, it will be supported by evidence of a felony actually committed. And it seems sufficient, in all cases where a felony has actually been committed, to allege the commission of it, as that is sufficient evidence of intention. (1 Hale, 560; 2 East P. C. c. 15, § 25, p. 514; Rex v. Furinal, Run. Ry. 445.) An indictment in this respect may be drawn, says Archibald, in his work on Criminal Pleading and Practice, (vol. 2, p. 329,) in three ways—namely, stating the breaking and entry with intent to commit a felony; stating the breaking and entry and a felony actually committed; or stating the breaking and entry with intent to commit a felony, and also stating the felony to have been actually committed. The latter, he observes, is the preferable mode and that always adopted in practice; for if you fail to prove the felony committed, you may still convict of the burglary; or if you fail to prove the intent, &c., you may convict of the felony. In Jones v. The State, 11 N. H. 270, Justice Gilchrist, in delivering the opinion, says, it is well settled by the authorities, that in an indictment for burglary, the allegation and proof of the stealing are sufficient, without an averment of an intent to steal. To the same effect, Com. v. Brown, 3 Rawle, 207; State v. Ayer, 3 Fost. 301.

The jury were told, in the second instruction given on the part of the State, that if they found the defendant guilty of burglary as charged, they should assess his punishment to not less than three years in the penitentiary; but that if they also found him guilty of larceny, then they should assess his punishment at five years' imprisonment in the penitentiary. This instruction was erroneous. The minimum punishment for burglary in the second degree is three years; but the nineteenth section of the third article of the act concerning crimes and punishments declares that, " If any person, in committing burglary, shall also commit a larceny, he may be prosecuted for both offences in the same count, or in separate counts of the same indictment; and on conviction of such burglary and larceny shall be punished by imprisonment in the penitentiary, in addition to the punishment hereinbefore prescribed for the burglary, not exceeding five years." It is very evident this provision only fixes the maximum punishment, and that the jury would be authorized to assess it for the larceny, in addition to the burglary, at a day, month or year, or at any other period, in their discretion, not exceeding five years. The only possible doubt that could exist, we suppose, arises in connecting another provision—which declares that no person shall, in any case, be sentenced to imprisonment in the penitentiary for any term less than two years—with that just quoted, and, considering the one as a qualification of the other, rather than as distinct and independent provisions. It is true, larceny, when committed in committing burglary, is made a felony under the nineteenth section, irrespective of the value of the thing stolen; yet the sense of this section, its language alone considered, is not less clear as to the penalty, and it is only by introducing the words of the general provision referred to (R. C. 1855, p. ——, art. 9, § 10,) and considering the two together, that the interpretation assumed in the instruction can be sustained. This is not admissible according to any rule for the construction of penal statutes. A penalty can not be raised by implication, nor should a particular clause un-

ambiguous in its terms, directing a mode of prosecution and prescribing the punishment for an offence, be so qualified and controlled by a general provision as to impose a penalty not warranted by the plain and obvious sense of the former. The general provision in section ten can have effect without applying it to cases like that before us; it was evidently intended to apply to that class of cases where the statute was silent as to the minimum, but prescribed the maximum punishment that might be inflicted by imprisonment in the penitentiary; and as the least punishment for the grade of burglary charged is fixed by statute, and that is more than two years, that part of the tenth section quoted can have no proper application to larceny committed under the circumstances contemplated by the nineteenth section; for it is only where there is a conviction of both burglary and larceny that the latter, irrespective of its grade, is punishable as a felony, and the penalty is *in addition* to that prescribed for burglary.

Judgment reversed and cause remanded; the other judges concurring.