# CHARLESTOWN.

## STATE OF WEST VIRGINIA *v.* MEADOWS.

Submitted September 14, 1883—Decided September 29, 1883.

1. The statute does not attempt to define burglary, except that it declares, if a person break and enter a dwelling-house in the night-time with intent to commit larceny, although the thing stolen, or intended to be stolen, is of less value than twenty dollars, he is guilty of burglary. (p. 769.)

2. An indictment for burglary must charge, that the offence was "burglariously" committed; otherwise it is bad. (p. 770.)

The opinion of the Court contains a statement of the facts of the case.

*Elbert Fowler* for plaintiff in error.

*Attorney-General Watts* for the State.

JOHNSON, PRESIDENT:

On the 3d day of May, 1882, in the circuit court of Summers county the following indictment was found against the defendant:

"The jurors of the State of West Virginia in and for the

body of the county of Summers and now attending the said court, upon their oaths present, that Goodall Meadows on the 28th day of March, 1882, in the county aforesaid, a certain store-house, adjoining to, and occupied with, the dwelling-house of one M. D. Tomkies, there situate, in the night-time, feloniously did break and enter, with the intent the goods and chattels of the said M. D. Tomkies, in the said store-house then and there being feloniously to steal, take and carry away, and one hoe of the value of one dollar, ten yards of ribbon of the value of two dollars, two knives of the value of one dollar, of the goods and chattels of the said M. D. Tomkins in the said store-house, then and there being found, then and there feloniously did steal, take and carry away, against the peace and dignity of the State."

The prisoner moved to quash the indictment, which motion was overruled; and thereupon he pleaded not guilty. The case was tried before a jury and a verdict rendered of guilty as charged in the indictment. A motion to set aside the verdict was overruled, and judgment entered for two years imprisonment in the penitentiary.

To this judgment the prisoner obtained a writ of error.

There are quite a number of errors assigned, but in our view of the case it is proper to consider but one. That assignment is, that the indictment should have been quashed, because it does not charge the offence to have been committed "burglariously." If the offence charged is burglary, it was absolutely necessary to use the word "burglariously" in such charge; but it was not necessary, if the charge was for statutory house-breaking. (Wharton's Cr. Pl. & Pr., § 265, and cases cited.)

In *Tully* v. *Commonwealth,* 4 Metc. 357, it was held, that in an indictment under the Revised Statutes of Massachusetts charging the defendant with breaking and entering a dwelling-house in the night-time with intent to commit a felony, it is not necessary to aver, that the offence was committed "burglarously," for the reason, as stated by Shaw C. J. after quoting the statute: "It is to be observed, that in neither of these sections of the Revised Statutes * * had the Legislature used the term *burglary* or *burglarious.* Each section embraces all the ingredients necessary to constitute the crime

intended to be punished. Each of the facts and circumstances necessary to constitute the statute-offence is alleged against the prisoner in the present indictment. We think the distinction is this: when the statute punishes an offence by its legal designation, without enumerating the acts which constitute it, then it is necessary to use the terms, which technically charge the offence named at common law, as for instance the Rev. St. ch. 125, § 1, declares, that every person who shall commit the crime of murder shall suffer the punishment of death. Here the statute does not enumerate the acts, which constitute murder; it refers for that to the common law. In such cases the forms and technical terms used at common law to describe and define the murder must be used. But we think it is not necessary, when the statute describes the whole offence, and the indictment charges the crime in the words of the statute."

In *Pitcher* v. *The People*, 16 Mich. 142 the indictment charged a burglary, using the words "feloniously and burglariously," but the prisoner insisted, that the proof did not show he was guilty of burglary, it appearing from the proof that he entered a "barn," which was a part of the out-buildings used and occupied by the family for domestic purposes. Cooley, Judge, who delivered the opinion of the court said: "It is argued, that the act was not burglary, because the offence as described in the statute, * * is confined to breaking and entering a dwelling-house in the night-time with intent, &c., * * and the word dwelling-house is so used throughout the chapter where these sections occur, as to show the legislative intent, that it should include only the dwelling-house proper, and not the adjoining out-buildings used therewith for domestic purposes (and which would be included by the designation at common law) inasmuch as all such buildings are distinctively enumerated in other sections by which punishment of unlawful acts therein are provided for. The statutory definition of burglary in a dwelling house is the same as that of the common law; and we must infer, that the statute designs simply to provide for the punishment of the common-law offence, unless we discover some reason for believing, that the Legislature employed the definition in some new and restricted sense. No other rea-

son is suggested except that the word dwelling-house is used with restricted meaning, in prescribing penalties for other offences, a reason, the force of which must depend upon other considerations. If the statute had provided distinct punishments for burglary in the dwelling-house proper, and in the out-houses, &c., used in connection therewith, a legislative intent to employ the word dwelling-house in a sense not embracing such out-houses would be very apparent; but it will be perceived by careful examination of the statute, that no such division of the common-law offence has been made, and that unless the word dwelling-house is used in the sections referred to in its common law sense, many burglaries will not be covered by the statute, and their punishment will consequently not be provided for at all. Thus entering in the night-time without breaking, or breaking and entering in the day-time, any out-house adjoining a dwelling-house and occupied therewith with felonious intent is made a felony by the statute;   *   *   *   while breaking and entering in the night-time with like intent is not provided for at all, unless the designation of dwelling-house in sections 5754, 5755 will embrace such out-houses also.   *   *   *   There can be no doubt that the barn in question would have been regarded as within the curtilage and embraced by the term dwelling-house as a part of the congregated buildings occupied and used by the family for domestic purposes, and consequently the act of the prisoner would have been burglary at common law."

The indictment in this case was found under section 11 of chapter 145 of the Code, and not as supposed by counsel under the Acts of 1882, as the last named act did not go into effect until July 27, 1882, and the indictment was found May 3, 1882. The whole statute-law with regard to burglary and house-breaking was contained in sections 11, 12 and 13 of said chapter 145, and reads as follows: "11. Any person who shall be guilty of burglary shall be confined in the penitentiary not less than five nor more than ten years. If a person break and enter the house of another in the night time, with intent to commit larceny, he shall be deemed guilty of burglary, though the thing stolen, or intended to be stolen be of less value than twenty dollars. "12. If a person

shall in the night-time enter without breaking, or shall in the day-time break and enter a dwelling-house, or an out-house adjoining thereto and occupied therewith, or shall in the night-time enter without breaking, or break and enter either in the day-time or night-time, any office, shop, storehouse, warehouse, banking house, or other house, or any boat or vessel, within the jurisdiction of any county, with intent to commit murder, rape or robbery, he shall be confined in the penitentiary not less than five nor more than ten years. "13. If a person do any of the acts mentioned in the preceding section, with intent to commit larceny, or any other felony other than murder, rape or robbery, he shall be confined in the penitentiary not less than two nor more than ten years."

It will thus be clearly seen, that section 11 prescribes the punishment for burglary, and declares, that, if the breaking and entering the house in the night-time, be to commit larceny, although the thing stolen or intended to be stolen was of less value than twenty dollars, although the larceny would not be a felony, yet he should be deemed guilty of burglary. Section 12 in the first clause thereof provides for the punishment of entering in the night-time without breaking, or of breaking and entering in the day-time a dwelling-house, or any of the other houses, the breaking and entering of which in the night-time with intent to commit felony would at common law constitute burglary, to-wit, an out-house adjoining a dwelling-house, or occupied therewith ; and the last clause of the section clearly provides for the punishment of the entering or the breaking and entering of other houses, &c., not within the curtilage, and consequently not adjoining to or occupied with a dwelling-house; consequently the entering in the night-time or breaking and entering either in the day or night of a store-house not within the curtilage would not be burglary; and the indictment, charging the offence need not contain the word "burglariously." But if the store-house was connected and occupied with a dwelling-house, and a person broke and entered it in the night-time with intent to commit a felony or a larceny of even less than twenty dollars, it would be burglary, and the indictment charging the offence must necessarily aver that it was done "burglariously." Had that word been used in this indictment in

charging the offence, it would have been a good indictment for burglary. It avers that the prisoner "a certain store-house adjoining to and occupied with the dwelling-house of one M. D. Tomkies there situate, in the night-time feloniously did break and enter with intent," &c. The offence charged in the indictment does not constitute house-breaking under the statute. The pleader attempted to frame an indictment for burglary and not house-breaking; and had he charged the offence to have been done "burglariously," the indictment would have been good. The motion to quash the indictment ought to have been sustained. The judgment is reversed, the indictment quashed, and the case remanded, for further proceedings.

THE' OTHER JUDGES CONCURRED.

REVERSED. REMANDED.