## Richmond.

MILLER v. THE COMMONWEALTH.

JANUARY 8th, 1885.

1. CONSTRUCTION OF STATUTES—*Exemption from jury duty.*—Where, under section 16 of the act approved March 17th, 1884, to provide for the government of Virginia volunteers, Acts 1883-'84, page 615, a roll of a volunteer military company is filed with the clerk of the court, the members thereof are exempt from summons for jury duty, and, if summoned, need not attend to make their excuses.

Error to judgment of corporation court of Danville, rendered June 12th, 1884, sentencing one E. H. Miller to pay to the Commonwealth the sum of $20 for an alleged contempt of said court in failing to obey a summons executed upon him to appear and serve on a jury. In answer to a rule to show cause why such fine should not be imposed on him, he appeared and answered that he was a contributing member of a volunteer military company, the "Danville Grays," and had complied with the statute in such case provided, and was exempt from service as a juror.

*A. M. Aiken*, for the plaintiff in error.

*Attorney-General F. S. Blair*, for the Commonwealth.

LACY, J., delivered the opinion of the court.

The plaintiff in error, E. H. Miller, was summoned to serve as a juror in the corporation court of Danville on the 2d day of

June, 1884. The said Miller, failing to attend in obedience to the said summons, was summoned, by order of the court, to appear at once to show cause why he should not be fined for contempt.

He thereupon appeared in court, in response to the summons, and being duly sworn, answered that, being a contributing member of a volunteer military company of the city, known as the Danville Grays, organized under the laws of Virginia, he did not consider himself liable to be summoned and to be compelled to serve as a juror, and therefore did not attend the said court as a juror as aforesaid.

But the court, deeming this answer insufficient, and his refusal to attend as aforesaid contemptuous to the said court, fined him $20. To this judgment of the corporation court of Danville, upon the petition of the said E. H. Miller, a writ of error was awarded to this court.

The record shows that the plaintiff in error was a contributing member of a volunteer military company, organized under the laws of Virginia, and that the chief officer of said company had duly filed, with the clerk of the said corporation court, the roll or list of the active and contributing members of said company, in conformity with section 16 of an act approved March 17th, 1884, to provide for the government of Virginia volunteers, and that the name of said E. H. Miller was upon said list.

The said sixteenth section of the act in question provides that: "Each active and contributing member of every legally-organized volunteer company shall be entitled to receive from the commanding officer thereof a certificate of membership, which certificate of membership shall exempt but not disqualify the person therein named from jury duty, for the period of one year from the date of his said certificate, in any and all the courts of the Commonwealth. But to entitle the members of such company to this exemption, the captain or chief officer of such company shall, annually, on the first of May in each

year, furnish to the clerk of the hustings or county court of the county, city or town wherein such company may be, a list containing the name of each member of his company; and where there are contributing members to his company, the name of each contributing member shall be furnished likewise."

This law was complied with in all respects. The plaintiff in error was a contributing member of this military company, duly organized under the laws of Virginia; the chief officer of his company had duly filed the list of the company with the clerk of his court, and his name appeared thereon; he was exempt from the duty required of him, by the law, and he duly pleaded his exemption before the court in his answer to the rule awarded against him. And yet the presiding judge considered this answer insufficient. We are not furnished with any reasons for this judgment by the judge who rendered it, and imposed this fine.

But it is suggested in argument by the Attorney General, on behalf of the commonwealth, that when a person summoned to serve as a juror is exempt by law from such service, he is nevertheless obliged to attend and get himself excused from service by the court, or he will be in contempt; that the duty of the plaintiff in error when summoned to attend the court to serve as a juror, was to submit the question as to whether he was exempt from such service or not to the court, and not undertake to be the judge of the question himself. Under the 13th section of the act of 1871–'2, page 393, after which section sixteen, just considered, was modeled, and which was repealed by the act in question, which was approved March 17th, 1884, this exemption was provided for in similar language; but the provision of the law which requires the list to be left with the clerk by the chief officer of the company was not a part of the former law, and was doubtless enacted to provide for the very circumstance suggested by the argument just cited. It would often happen that although a citizen would have in his hands a certificate of membership, the officers of the county preparing

a jury list would summon him to perform this public service from which he was by law exempt. And the citizen might be put to as much trouble and inconvenience to plead his exemption as if he performed the sevice. A citizen who has ridden a long distance in the country to attend a court to get excused from serving on a jury, or who has already left his business in a city to attend court for that purpose, could find but little relief in this tardy recognition of his legal rights. But what excuse is there for a clerk to summon or for a judge to compel a citizen to be summoned to the performance of any public service in the court from which he is exempt by law, when the fact that he is so exempt is in the hands of the very officer who issues against him this unlawful requisition, and placed there by the express mandate of the law. If the court can lawfully compel the citizen to attend upon the court to get excused from a service from which the law exempts him, the law may be practically annulled by the court. But it is as much the duty of the court to enforce the law as it is the privilege of the citizen to claim its exemption.

A person exempt by law from service on a jury, is in like manner exempt from being summoned to serve on a jury.

Upon the trial of the rule in this case, the answer of the defendant therein was a complete and lawful answer to the same, and he was entitled to have the rule against him discharged, and the judgment of the court declaring him guilty, and imposing a fine upon him was wholly erroneous and without lawful authority, and the said judgment must be reversed and annulled.

LEWIS, P., dissenting, said:

I dissent from the opinion in this case. I apprehend it was the duty of the plaintiff in error to have obeyed the summons to attend the court, and there to have claimed his exemption, if he chose to do so. The exemption of the statute is from jury-

service, not from the obligation to respect the process of the courts. Any other construction is inconsistent with the due and orderly administration of justice, and the maintenance of proper respect for the judicial tribunals of the State. The plaintiff in error was, therefore, in contempt for his failure to appear, and become liable to punishment therefor, whether as a matter of fact he was exempt from jury service or not. And whether a party is exempt under the statute depends upon the existence of facts which may be controverted. Thus, it may be *denied* that the name of the party was properly placed on the list which is required to be filed with the clerk; or, if properly placed there, that he has continued to be a member of the company to which he claims to belong. And these are questions, when raised, to be determined by the court. I think the judgment should be affirmed.

The other judges concurred with LACY, J.

JUDGMENT REVERSED.