# SEPTEMBER TERM.

## CHARLES TOWN.

### STATE *v.* McCLUNG.

Submitted September 8, 1891.—Decided September 10, 1891.

1. INDICTMENT—BURGLARY—LARCENY.

     A count of an indictment alleging a breaking and entering into a dwelling with intent to steal goods therein, and actual larceny therein, although that part charging larceny is not drawn with sufficient precision to support a conviction of larceny, is not for that reason bad as a count for burglary. As the breaking and entering are charged to have been done with intent to commit larceny, a charge of actual larceny is not necessary and may be rejected as surplusage.

2. INDICTMENT—BURGLARY—LARCENY.

     To support a conviction of larceny, the charge of it in such count must be well laid, as in an indictment for larceny.

3. INDICTMENT—BURGLARY—LARCENY.

     Upon a count properly alleging both burglary and larceny, there may be a conviction of either, but not of both.

4. INDICTMENT—BURGLARY—LARCENY.

     Upon a general verdict of guilty on such a count, the sentence would be for burglary, not for both larceny and burglary, nor for larceny.

5. INDICTMENT.

     Each count in an indictment must have the conclusion, "Against the peace and dignity of the State," else it is fatally defective. Advantage of the defect may be taken for the first time in this Court.

*E. R. Andrews* for plaintiff in error, cited 3 Greenl. Ev. § 79; 2 Greenl. Ev. 82; Whar. Crim. Ev. § 763; 27 W. Va. 376.

*Attorney-General Alfred Caldwell* for the State, cited Whar. Crim. Pl. & Pr. § 401; 39 Ala. 247; 9 Gratt. 738; 20 W.

Va. 32; Code (1887) c. 145, s. 11; 2 Leach 712; 3 Chitt. Crim. Law (Perkin's Ed. 1836) 1118; Whar. Prec. Ind. 433, 434; May. Gui. *Burglary*, 144; 31 W. Va. 491; Kel. 30; 9 W. Va. 456; 22 W. Va. 766; Whar. Am. Crim. Law, § 1531; Dav. Crim. Law 145; 1 Blacks. Comm. 224; 1 Russ. Cr. 785; 4 Blacks. Comm. 229; 1 Hawk. P. C. 105; 2 East. P. C. 511; 3 Greenl. Ev. § 82; 6 Metc. 238; 12 Metc. 244; 1 Car. & K. 62; Id. 421; 22 Pick. 1; 26 W. Va. 53; 14 W. Va. 175; 15 W. Va. 664; 1 Whar. Crim. Law (8th. Ed.) §§ 791, 808, 813; 2 Russ. Cr. 21; 32 W. Va. 183; 26 W. Va. 338; 23 W. Va. 773; 28 Gratt. 969; Whar. Crim. Ev. § 763; 27 W. Va. 379.

BRANNON, JUDGE :

Frank McClung, *alias* Frank McAllister, *alias* Frank McClintock, was tried in the Circuit Court of Clay county on the following indictment:

" The grand jurors of the State of West Virginia in and for the body of the county of Clay, and now attending the said court, upon their oaths present that Frank McClung, *alias* Frank McAllister, *alias* Frank McClintock, on the —— day of ——, 1890, about the hour of —— o'clock, in the night-time of that day, feloniously and burglariously did break and enter into the dwelling house of one Lewis Kyer, situated in said county, with intent the goods and chattels of him, the said Lewis Kyer, in the said dwelling house then and there being, then and there feloniously and burglariously to steal, take, and carry away, and one pair of pants or pantaloons, and other goods and chattels, of the value of twenty four dollars, of the goods and chattels of the said Lewis Kyer, in the said dwelling-house, in the county aforesaid, then and there being found, then and there feloniously and burglariously did steal, take, and carry away. And the grand jurors aforesaid, upon their oaths aforesaid, present that the said Frank McClung, *alias* Frank McAllister, *alias* Frank McClintock, on the —— day of ——, 1890, in the county aforesaid, did feloniously and burglariously take, steal, and carry away goods and chattels belonging to one Lewis Kyer of the value of twenty four dollars, and one pair of pants of the value of five dollars,

and he, the said McClung, *alias* McAllister, *alias* McClintock, did then and there break and enter the dwelling house of the said Lewis Kyer in the night-time, with intent to commit larceny and burglary, and did then and there feloniously and burglariously take, steal and carry away household goods of the value of twenty four dollars, against the peace and dignity of the State."

The defendant, having been convicted of burglary, and sentenced to the penitentiary for five years, has come to this Court upon a writ of error. When application for this writ of error was made, I observed but one point of reversible error, nor do I now see any other; and perhaps that was inadvertently overlooked in the Circuit Court; and that is the want of the constitutional conclusion to the first count.

The first error assigned is the overruling of a demurrer to the indictment. That demurrer was not to each count, or to the indictment and each count, but was general to the indictment; and therefore, if either of its two counts be good, there is no error in overruling the demurrer; for where the indictment contains more than one count, and the demurrer is general, and one count is found good, the demurrer must be overruled. *State* v. *Cartwright*, 20 W. Va. 32; *Hendrick's Case*, 75 Va. 934; Whar. Crim. Pl. § 401; 1 Bish. Crim. Proc. § 449. For this purpose and generally, each count is regarded as a separate indictment, and as presenting a separate offence. *State* v. *Smith*, 24 W. Va. 814.

Then let us see whether either of the counts of this indictment is good. Except for want of a conclusion, the first count is good for burglary. If counsel specifies any defect in this count, it is that the charge of larceny is bad. I think that feature is bad—that is, to support a verdict of guilty of larceny—because it specifies only one article of the things stolen, the pantaloons, and alleges that "other goods and chattels" were stolen, without specifying them, and gives a value of twenty four dollars to all of them together.

But the fact that the charge of larceny is bad by no means vitiates the count regarded as a count for burglary, because, if we reject the larceny feature, there remains the charge of burglary. It is common and better practice to

allege in one count both the burglary and the larceny (1 Hale, P. C. 560; *Speer's Case*, 17 Gratt. 572); and under such count there may be a conviction of the one or the other of those offences. *Reece's Case*, 27 W. Va. 375; *Clarke's Case*, 25 Gratt. 908; 1 Hale, P. C. 559; Rosc. Crim. Ev. 347; Whart. Crim. Pl. § 244.)

In *Vaughan's Case*, 17 Gratt. 576, where there was a count charging both burglary and larceny, Judge JOYNES said: "The allegation of actual larceny is only in aid of the intent. If that allegation were struck out altogether, enough would remain to describe the offence of which the prisoner has been convicted. Such being the object for which the charge of an actual larceny is introduced, it need not be laid with the same formality as in an indictment for the larceny itself. *Larned* v. *Com.*, 12 Metc. (Mass.) 240; *Com.* v. *Doherty*, 10 Cush. 52; and see *Regina* v. *Clarke*, 1 Car. & K. 421 (47 E. C. L.). It is always better, however, to lay the charge of larceny in proper form to avoid objection in case the prisoner should, as he may on such a count as this, be found not guilty of breaking and entering, but guilty of larceny."

In *Josslyn* v. *Com.*, 6 Metc. (Mass.) 236, the count charged the breaking and entering of the shop of Charles W. Fogg, "with intent the goods and chattels of said Fogg, then and there in said shop being found, feloniously to steal, take, and carry away." Chief Justice SHAW said: "Nor is it necessary to describe the goods intended to be stolen. A general intent to steal goods would complete the offence, and therefore the averment of such intent, without more, is sufficient to charge it, and the rule would be the same if there were no goods or no goods of Fogg in the shop. The crime was complete by the breaking and entering with intent to steal goods."

In *Larned* v. *Com.*, 12 Metc. (Mass.) 240, to the objection that the charge of larceny was defective in an indictment for burglary, the court said that the charge of actual larceny was not necessary to constitute the burglary; that the mere intent to commit larceny was sufficient; and the allegation was only to be taken in aid of the charge of intent, and, if a conviction was had, the punishment would

be for burglary, not a distinct sentence for larceny.  The court held the specific charge of larceny surplusage, and that, if wholly defective, there would still remain sufficient to sustain a conviction.

It might be supposed that, as on a count charging both burglary and larceny there may be a conviction of either, there could also, if both offences were proven, be a conviction of both, followed by the separate penalty for each ; but this is not so, for, if there be a general verdict of guilty on such a count, it is deemed a conviction of burglary only, and the sentence is for burglary, not for both, nor for larceny. *Speer's Case,* 17 Gratt. 570 ; 1 Hale, P. C.  559.

In *Com.* v. *Hope,* 22 Pick. 1, it was held that, on a general verdict of guilty on a count charging both offences, the sentence must be for burglary, and not for a distinct sentence for larceny, and Chief Justice SHAW said no case could be found where there were two punishments on such an indictment.

In *Kite* v. *Com.,* 11 Metc. (Mass.) 581, it was held that in such case the conviction is of burglary, the larceny being merged.

In *Breese* v. *State,* 12 Ohio St. 146, it was held that the sentence must be for burglary, not larceny.

The case of *State* v. *Henley,* 30 Mo. 509, cited in 1 Whart. Crim. Law, § 819, as sustaining double sentence, was on a statute expressly authorizing it, and does not oppose the proposition above stated; and *Kite* v. *Com., supra,* cited by Wharton to the same effect, is just to the reverse.  On separate counts there can be convictions of both burglary and larceny.  1 Bish. Crim. Law, § 893 ; *Speer's Case,* 17 Gratt. 570.

The reason for thus framing an indictment in a dual form, as stated in East's Pleas of the Crown, note to page 520, is that the definition of "burglary" is breaking and entering with intent to commit an offence, of which intent the actual commission is so strong evidence that the law has adopted it, and admits it to be equivalent to a charge of intent in the indictment, and therefore the charge of the intent is supported by proof of the fact, though the reverse would not be true.   This would account for the anomaly in

inserting two offences in one count, apparently violating the rule against duplicity, and the rule against joining different offences, especially in the same count. Anyhow the exception exists.

But, though this first count is not bad for the reason above suggested by counsel, it is bad because it wants the conclusion, "against the peace and dignity of the State," required by Const. Art. 2, § 8. Lemons' Case, 4 W. Va. 755, holds that there must be a literal compliance with this requirement. All authorities agree that, where there is a total want of this conclusion, the indictment is bad. 1 Bish. Crim. Proc. § 159; Whart. Crim. Pl. § 279. Each count is as to this point to be regarded a separate indictment, and each must have the conclusion, and the conclusion found in one count, though the last, will not cure its absence from another count. Carney's Case, 4 Gratt. 546; Thompson's Case, 20 Gratt. 724; 1 Bish. Crim. Proc. § 185.

⋅ Next, as to the second count. It is bad, as a count for burglary, because it omits as to that charge the words "feloniously and burglariously." *McDonald's Case,* 9 W. Va. 456; *Vest's Case,* 21 W. Va. 796; *Meadow's Case,* 22 W. Va. 766. Verdict does not cure this defect. Randall's Case, 24 Gratt. 644. As a count to support conviction of grand larceny, it is not sufficient, because it alleges the larceny of "goods and chattels," but does not specify them. It does, however, allege the larceny of one pair of pantaloons, of the value of five dollars, and is thus good for petit larceny. It is clear that, upon an indictment for grand larceny there can be a conviction of petit larceny, as the major includes the minor offence—plainly so in the instance of grand and petit larceny. *Howes's Case,* 26 W. Va. 110; Whart. Crim. Pl. § 246; *Hardy and Curry's Case* 17 Gratt. 592; Canda's Case, 22 Gratt. 899; Code s. 18, c. 159. Striking out other goods than the pantaloons, the count is one for petit larceny, and the court could not hold it bad on demurrer.

Thus, the conclusion is that, as the demurrer was general, and one count charges an offence, there is no error in the overruling of the demurrer. What then? The verdict found the prisoner guilty of burglary. The second count

could not support that finding, as it is not good for burglary, and, though otherwise good for burglary, the first count can not support it, because it is bad for want of conclusion. Thus neither count is good for burglary.

But there was, in effect no demurrer to this count. . Can the defendant have the advantage of this defect in the appellate court? Had he made a motion in arrest of judgment, the Circuit Court ought to have sustained it, because of such defect in the first count. In *Randall's Case, supra* the indictment being bad, it was held that the judgment should be reversed, though no motion in arrest had been made. In *Matthew's Case,* 18 Gratt. 989, it was held that "anything which is good cause for arresting a judgment is good cause for reversing it, though no motion in arrest be made;" and in *Lemons's Case,* 4 W. Va., where there was no demurrer or motion in arrest of judgment, yet the Court held that the prisoner had not waived his right to ask a reversal for want of the constitutional conclusion to the indictment, and might make it for the first time in this Court, it being a requirement of the constitution.

As the verdict stands alone on the bad first count, we must set it aside. There can be no further trial for burglary or grand larceny on this indictment, and resort for that purpose must be had to a new indictment.

Though three bills of exception are copied into the transcript, but one is noted in the record. The record says that the bill which it notes was for the refusal of the court to set aside the verdict as contrary to the evidence, and refers to it as No. 1; but the bill numbered 1 is one relating to the admission of evidence, and that relating to the refusal of a new trial and certifying the evidence is numbered 2. We think that we must consider the latter bill as the one referred to in the record, and that it is simply misnumbered.

As the case may be tried again, we shall express no opinion as to the facts, and we can not consider the matters contained in the two other bills of exception, as the record makes no note of them. *Wicks* v. *Railroad Co.,* 14 W. Va. 157; *Bank* v. *Showacre,* 26 W. Va. 49. Therefore the judgment is reversed, the verdict set aside, and the cause is re-

manded, to be acted upon in accordance with principles above indicated.

REVERSED.   REMANDED.