# CHARLESTON.

## STATE *v.* WILLIAMS.

Submitted January 29, 1895—Decided March 27, 1895.

1. CRIMINAL LAW—REASONABLE DOUBT.
    The twelfth point of the syllabus in the case of *State* v. *Robinson*, 20 W. Va. 714, is approved.

2. CRIMINAL LAW—CAPACITY OF DEFENDANT.
    Capacity to commit crime is a question to be determined by the jury from the age, appearance and conduct of the accused, both at the time of the commission of the offense and at the time of the trial.

3. CRIMINAL LAW—BURGLARY—DWELLING HOUSE
    The criminal law of this state includes all buildings, as either a dwelling house, or outhouse adjoining thereto or occupied therewith, or as an office, shop, warehouse, banking house, or building other than a dwelling house. The use of the building at the time of the offense determines its character.

4. CRIMINAL LAW—BURGLARY—LARCENY
    The third and fourth points of the syllabus in the case of the *State* v. *McClung*, 35 W. Va. 280, are approved.

ALEX. DULIN for plaintiff in error, cited 2 Am. & Eng. Ency. Law, 672; 36 W. Va. 729; 4 Am. & Eng. Ency. Law, 683, 684; Dest. Cr. L. § 22a; 1 Bish. Cr. L. (7th Ed.) §§ 370, 371; 3 Gr. Ev. (15th Ed.) § 4; 13 Gratt. 763; 2 Am. & Eng. Ency. Law, 671-73; 2 East's P C. 496-99; 62 Miss. 781; Bish. Stat. Cr. §§ 277-79; Am. Dig. (1893) 355; 93 Mich. 46; 27 W. Va. 375; 2 Am. & Eng. Ency. Law, 697.

ATTORNEY GENERAL T. S. RILEY for the state, cited 20 W. Va. 713, 743; 27 W. Va. 375.

DENT, JUDGE:

At the September term, 1894, of the Circuit Court of Braxton county, Abner Williams, a boy thirteen years of age, was found guilty of a felony, and sentenced to the reform school of this state.

He obtained a writ of error of this Court, and relies on the following assignment, to wit: *"First,* it was error to give the five instructions, and each of them, asked by the state, and given by the court to the jury, as set out in bill of exceptions No. 1. *Second,* it was error to overrule the motion of petitioner to set aside the verdict and grant him a new trial on the grounds stated in the record, as shown by bill of exceptions No. 2, and render the judgment complained of herein."

The instructions objected to are as follows, to wit: No. 1. "If the jury believe from the evidence that the house mentioned in the indictment was in the actual or constructive possession of John B. Morrison, then the ownership is properly laid in the said Morrison, although they believe from the evidence that the title to said property was at the time in W. F. Morrison, John Bryne and D. A. Berry's heirs." No. 2. "If the jury believe from the evidence that John B. Morrison held the possession of said house at the time alleged in the indictment, and that he used and occupied said house as a dwelling, then, in contemplation of law, said house was the dwelling house of John B. Morrison, although he may have absented himself therefrom for several months, and although he may have had another dwelling house during the same time." No. 3. "The jury is instructed that although they should believe that no dwelling house was broken or entered, as alleged in the indictment, yet if they believe from the evidence that the defendant stole and carried away any of the goods of John B. Morrison, as alleged in the indictment, then they should find him guilty of the larceny of said goods." No. 4. "To establish capacity to commit crime in a person over seven and under fourteen years, it is not necessary that any witness shall state that he has such capacity, but the same may be shown to exist by the appearance and general conduct of the accused, and by his testimony as a witness before the jury." No. 5. "A person is amenable to punishment for crime if he be of sufficient understanding to be able to distinguish right from wrong."

The first, second and third instructions are objected to for failure to use the words "beyond a reasonable doubt,"

although the court had instructed the jury, at the instance of the prisoner, that they must believe him guilty beyond a reasonable doubt, or acquit him. This objection is completely answered by the twelfth point of the syllabus in the case of *State* v. *Robinson*, 20 W. Va. 714. The objection to the second instruction is that it fails to inform the jury that they must believe from the evidence that John B. Morrison left the house with the intention of returning to make it his dwelling house. The instruction does inform the jury that they must believe from the evidence that John B. Morrison used and occupied said house as a dwelling. This is certainly a sufficient answer to the objection raised. The objection to the fourth instruction is equally untenable, as the jury, in passing on the capacity of the accused to commit crime, have the right to take into consideration his appearance and conduct at the time of the trial, as well as at the time the offense was committed. The fifth instruction is very general in its terms, but the jury could not possibly be misled thereby, especially in the light of the various instructions given for the accused.

The principal reason alleged to support the second assignment of error is that the evidence fails to establish the house in question to be a dwelling house at the time of the offense. Sections 11, 12, chapter 145, of the Code, include all buildings, as either a dwelling house, or "office, shop, store-house, banking-house, or any house or building other than a dwelling house or out house adjoining thereto or occupied therewith." The house in question was built and used for a dwelling house, and would ordinarily be designated as such to distinguish it from a building of a different kind. Up until the time of the offense charged, it had been occupied by John B. Morrison with his goods and furniture, and he occasionally slept in it. And it would be drawing the distinction exceedingly fine, and with simply technical precision, to hold that a dwelling house was a building other than a dwelling house for the reason that some one was not staying in it just at the time it was broken into and the occupant's goods were stolen therefrom. If it had been described as any other kind of building, the accused, no doubt,

·would have recognized it to be a dwelling house, for the reason that the occupant still had his goods, and was sometimes sleeping therein. But it changes character according to the standpoint from which it is viewed.

The indictment charging both burglary and larceny, the jury could find the accused guilty of either, and a general finding is considered to cover the burglary, but not the larceny, according to the holding of this Court in the case of *State* v. *McClung*, 35 W. Va. 280 (13 S. E. Rep. 654) to which the counsel are referred.

No error appearing in the record prejudicial to the accused, the judgment is affirmed.