## CIRCUIT COURT OF THE CITY OF RICHMOND

Neat Sweep of Richmond, Inc.

v.

National Chimney Sweep Guild

July 10, 1990

Case No. LM-2799-3

By JUDGE T. J. MARKOW

This matter is before the court on defendant's motion for partial summary judgment. Defendant attacks Count I of the motion for judgment which bases a cause of action on alleged violations of §§ 38.2-502 and 38.2-503 of the Code of Virginia (a part of the Virginia Unfair Insurance Practices Act).

### I. *Facts*

Briefly, this case centers around the sale of allegedly bogus liability insurance policies to members of the defendant trade association by a Massachusetts insurance agent (Ryan). Defendant sought to make available low cost insurance for its members, and Ryan agreed to provide that coverage by issuance of the allegedly bogus policies. Availability of the insurance was advertised in defendant's trade magazine, which was distributed to its members, including plaintiff. Plaintiff, in reliance upon one of the ads, purchased a worthless policy from Ryan. Plaintiff claims that when he was notified that the coverage was nonexistent, he was unable to obtain other coverage and had to forego income producing activity, and claims damages as a result.

## II. *Analysis*

### A. *Arguments*

In paragraphs 16 and 17 of the motion for judgment, plaintiff complains of alleged conduct by defendant which violated Chapter 5 of the Code of Virginia (Unfair Trade Practices Act) of Title 38.2, entitled "Insurance."

Specifically, plaintiff alleges that defendant violated Sections 38.2-502 and 38.2-503 of the Code, which read:

> Section 38.2-502. *Misrepresentations and false advertising of insurance policies.* -- No person shall make, issue, circulate, cause or knowingly allow to be made, issued or circulated, any estimate, illustration, circular, statement, sales presentation, omission, or comparison that:
>
> 1. Misrepresents the benefits, advantages, conditions or terms of any insurance policy;
>
> 2. Misrepresents the dividends or share of the surplus to be received on any insurance policy;
>
> 3. Makes any false or misleading statements as to the dividends or share of surplus previously paid on any insurance policy;
>
> 4. Misrepresents or is misleading as to the financial condition of any person or the legal reserve system upon which any life insurer operates;
>
> 5. Unless any name or title of any insurance policy or class of insurance policies that misrepresents the true nature of the policy or policies;
>
> 6. Misrepresents for the purpose of inducing or tending to induce the lapse, forfeiture, exchange, conversion, or surrender of any insurance policy;
>
> 7. Misrepresents for the purpose of effecting a pledge, assignment, or loan on any insurance policy; or
>
> 8. Misrepresents any insurance policy as being a share of stock.

and

> Section 38.2-503. *False information and advertising generally.* -- No person shall knowingly make, publish, disseminate, circulate, or place before the public, or cause or knowingly allow, directly or indirectly, to be made, published disseminated, circulated, or placed before the public in a newspaper, magazine, other publication, or in the form of a notice, circular, pamphlet, letter or poster, or over any radio or television station, or in any other way, an advertisement, announcement or statement containing any assertion, representation or statement relating to (i) the business of insurance or (ii) any person in the conduct of his insurance business, which is untrue, deceptive or misleading.

Va. Code Ann. §§ 38.2-502 and 38.2-503 (1989 Cum. Supp.).

Defendant argues that these provisions are regulatory in nature and are directed toward the State Corporation Commission. Defendant correctly states that the regulatory nature of the act was intended to create in the commission the "power to examine and investigate the affairs of each person subject to the act," Va. Code Ann. § 38.2-515 (1989 Cum. Supp.); *See also* Va. Code Ann. § 38.1-53 (1981 Repl. Vol.) (Identical statute in previous codification). *A & E Supply Co. v. Nationwide Mutual Fire Insurance Co.*, 798 F.2d 669 (4th Cir. 1986). Defendant argues that the Unfair Insurance Practices Act does not establish a private cause of action. In *A & E* the Fourth Circuit Court of Appeals stated "It is clear that the Virginia Supreme Court would not read the Unfair Insurance Practices Act to create a private right of action in tort." *Id.* at 674.

The question then becomes whether *A & E* is convincing authority, as it so squarely addresses the issue before this court.

### B. *A & E Supply Company v. Nationwide*

Plaintiff attempts to discredit the *A & E* decision by citing cases, which predate *A & E*, from the U.S. Supreme Court and other circuit courts.

Despite the source of the authority cited, plaintiff's arguments are not convincing. None of its cases addresses the question of a private cause of action arising in the context of a *Virginia* statute that does not purport to do so. None of plaintiff's cases arose out of similar facts or Virginia law, and, in fact, most were constructions of *federal* law. *See, e.g., Cort v. Ash*, 422 U.S. 66 (1975). The same analysis applies to plaintiff's authority from the United States Supreme Court. In order to successfully attack the persuasiveness of *A & E*, plaintiff would have to give authority more closely factually related to the instant case.

Furthermore, the court of appeals in *A & E* can be assumed to have been aware of those cases cited by plaintiff, as they predate the *A & E* decision by several years. Despite those decisions, however, the Fourth Circuit applied an analysis particularized to Virginia law. As stated before, this court finds that federal decisions based upon interpretations of *non-Virginia* federal law are not instructive where the effect of a Virginia statute is in question, and specifically addressed by a court of appeals decision. *See A & E*, 798 F.2d 669, 674.

### C. *Statute Re-enactment*

Plaintiff's argument that a statute, once construed and then re-enacted without change approves that construction, is also unconvincing. Plaintiff argues that the General Assembly re-enacted the Unfair Insurance Practices Act under title 38.1 of the Code as Title 38.2 after the district court decision in *A & E Supply Co. v. Nationwide Mutual Fire Ins. Co.*, 612 F. Supp. 760 (W.D. Va. 1985), but before reversal by the court of appeals. 798 F.2d 669 (4th Cir. 1986). By doing so with the imputed knowledge that the federal district court had found that a private cause of action exists under Title 38.1, the General Assembly arguably ratified that construction of the title.

In the first place, the statute was not substantively changed but merely renumbered. *Miller v. Commonwealth*, 80 Va. 36, 21 S.E. 721 (1885), relied upon by the plaintiff, is not instructive. There the statute in question had been *repealed* in 1871 and then re-enacted in 1884, following construction by the court. Clearly, the facts of the instant case are easily distinguished from *Miller*. Here there was the recodification of the entire insurance code. There was never a gap in which either the previous or subsequent statute was not in effect. Therefore, even admitting the legal correctness of plaintiff's position, the factual application of that rule does not fit this situation.

### D. *Commonwealth v. County Board of Arlington County*

Plaintiff attempts to further discredit the *A & E* decision by attacking the Fourth Circuit's reliance upon *Commonwealth v. County Board of Arlington County*, 217 Va. 558, 232 S.E.2d 30 (1977), on the ground that the issues addressed in that case are not relevant to the dispute in *A & E* and, therefore, irrelevant to the instant case. However, the basis of the *A & E* decision was the reservation of power by the General Assembly, particularly when the legislature has seen fit to select a specific method of execution of some government function to the exclusion of other means. 217 Va. 558, 572-3, 232 S.E.2d 30, 42 (1977).

In *A & E* the court interpreted the *Arlington County* case as holding that the regulatory scheme was the exclusive remedy for violations of the Unfair Trade Practices Act. The facts of the instant case are nearly identical; the regulatory scheme in the present case is, as in *A & E*, the administrative system organized to detect, curtail and redress insurer misconduct with fines and sanctions, subject to judicial review. Va. Code Ann. § 38.2-500 through 38.2-514. The Fourth Circuit Court, in the *A & E* case construed the *Arlington County* case as standing for the proposition that methods chosen by the legislature to reach a certain end are not subject to a doctrine of implied powers that create or expand rights beyond those expressly legislated. *Id.*, *Cited in A & E*, 798 F.2d at 674. In essence, the court found that such statutes are to be

strictly construed; if no intent to create a private cause of action appears on the face of the statute, then no such right exists. The stated purpose of the Unfair Trade Practices Act is to "define and prohibit all practices in this Commonwealth that constitute unfair methods of competition or deceptive acts or practices." Va. Code Ann. § 38.2-500 (1989 Cum. Supp.) Nothing is said about private causes of action, except at § 38.2-510(B), the provisions and prohibitions of which overlap the two sections in question, and which states:

> No violation of this section shall *of itself* be deemed to create any cause of action in favor of any person other than the Commission; but nothing in this subsection shall impair the right of any person to seek redress at law or equity for any conduct *for which action may be brought.* (emphasis added)

Va. Code Ann. § 38.2-510(B).

Thus, it is clear that for the type of conduct complained of, the General Assembly did not intend Title 38.2 to create causes of action. Where an *independent* cause of action exists, however, no limitation on the prosecution of that case is to result from the Act.

It is, therefore, the decision of this court that the motion for partial summary judgment be granted as to Count I of the motion for judgment.