## COMMONWEALTH *vs.* ABRAM HATHAWAY.

One convicted on an indictment for larceny in a building, which duly charges a larceny, but does not sufficiently charge a larceny in a building, may be sentenced for simple larceny.

INDICTMENT for larceny, containing three counts, the two first of which duly charged a breaking and entering of "a certain building, to wit, the carriage house of Ambrose W. Hathaway," with intent to steal. The third count alleged that the defendant, at a certain time and place, certain cocks and hens " of the goods and chattels and moneys of one James A. Hathaway, then and there in the possession of said James A. Hathaway, and in the carriage house of said Ambrose W. Hathaway being found, feloniously did steal, take and carry away."

The defendant, being convicted on the third count at June term 1859 of the court of common pleas in Bristol, moved in arrest of judgment because it did not duly charge a larceny in a building. *Morris,* J., overruled the motion, and the defendant alleged exceptions.

*J. Brown,* for the defendant.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

BY THE COURT. This case comes within the principle of *Commonwealth* v. *Eastman,* 2 Gray, 76. If the building was not properly described, or the third count of the indictment was insufficient in other particulars as charging larceny in a building, the conviction was still good for simple larceny. *Commonwealth* v. *Mahar,* 8 Gray, 469.                              *Exceptions overruled*