# 𝔚ytheville.

## WEBSTER v. THE COMMONWEALTH.

### JUNE 25TH, 1885.

CRIMINAL PROCEEDINGS — *House-breaking — Indictment — Ownership of house.*—An indictment charging that "the prisoner, on, &c., a certain mill-house not adjoining to or occupied with the dwelling-house of F." &c., sufficiently alleges the ownership of the mill-house to be in F., and is sufficient in law.

Error to judgment of county court of Hanover county, rendered 15th April, 1885, in the case of the Commonwealth *against* Mason Webster.

Opinion states the case.

*Sands, Leake* and *Carter*, for prisoner.

*Attorney-General, F. S. Blair*, for the commonwealth.

FAUNTLEROY, J., delivered the opinion of the court.

Webster, the plaintiff in error, was indicted, tried, convicted, and sentenced to a term of two years in the penitentiary, for a felony, in breaking and entering, with felonious intent, a certain mill-house, &c.

He pleaded not guilty, and entered a general demurrer to the indictment. The court overruled the demurrer, and the jury found him guilty. Thereupon, the accused moved the court to

set aside the verdict and grant him a new trial, on the ground that the verdict is contrary to the law and the evidence; which motion the court overruled, and pronounced judgment and sentence. Application for a writ of error was made to and refused by the judge of the circuit court of Hanover; but the writ of error was awarded by one of the judges of this court.

The error assigned, is the overruling by the county court of the demurrer to the indictment; and the ground of the demurrer is the failure or omission to state in the indictment, with clearness and certainty, the ownership of the mill-house therein charged to have been broken open.

The language of the indictment is, that "Mason Webster, on the        day of        , in the year one thousand eight hundred and eighty-five, at the said county, and within the jurisdiction of the said county court of the county of Hanover, a certain mill-house not adjoining to or occupied with the dwelling-house of Frances Edmonia Newman, William C. Newman and Edmund W. Newman, there situate, in the night time, feloniously did break and enter, with intent the goods and chattels of the said Frances Edmonia Newman," &c.

We think that this language sufficiently charges the *ownership* of the mill-house broken open and entered to be in the three Newmans specified. Certainly the language embodies the statement, and the only defect is the omission of two points of punctuation, one after the word *mill-house*, and the other after the word *dwelling-house*, which any intelligent reader can supply, as, indeed, is now an imposed necessity in almost every written or printed production. The words of the indictment, taken all together, and supplied with obvious and proper punctuation at the beginning and the end of the parenthesis—"not adjoining to or occupied with the dwelling-house"—charge, with clearness and certainty, the ownership of the mill-house. *Mala grammatica non vitiat.* (See the indictment in *Speers' Case,* 17 Gratt. 570.)

We concur with the judge of the circuit court of Hanover in refusal of the writ of error to the judgment of the county court of Hanover, and the said judgment of the county court be affirmed.

JUDGMENT AFFIRMED.