# JUNE TERM, 1888.

## WHEELING.

### STATE *v.* HUPP.

Submitted June 18, 1888.—Decided June 27, 1888.

1. INDICTMENT—BURGLARY—OWNERSHIP OF HOUSE.
    Under our statute, an indictment for "house-breaking" must allege the "ownership" of the house which has been broken and entered.

2. INDICTMENT — BURGLARY — ALLEGATION OF OWNERSHIP — WHAT AMOUNTS TO.
    An allegation in the indictment that "the prisoner a certain outhouse and cellar not adjoining to nor occupied with the dwelling-house of J. W. Hale, there situated, in the night-time feloniously did break and enter, with intent," etc., does not allege the ownership of the outhouse and cellar to be in any one, and the indictment, as an indictment for "house-breaking," is fatally defective.

3. INDICTMENT—BURGLARY—SUFFICIENCY TO SUSTAIN A CHARGE OF LARCENY.
    But as the indictment alleged that the prisoner did break and

enter the cellar, " and one keg of wine, of the value of fifteen dollars, of the goods and chattels of J. W. Hale in the said house and cellar then and there being found then and there feloniously did steal," etc., it is good as an indictment for petit larceny.

4. INDICTMENT—BURGLARY.

On trial of the issue on the indictment, the jury returned a verdict of "guilty as charged in the indictment." The prisoner moved in arrest of judgment, which the court overruled, and sentenced the prisoner to the penitentiary. *Held.*—Judgment for felony could not be rendered on the verdict, and the court should, on the verdict, have rendered a proper judgment for petit larceny.

*C. T. Caldwell* and *V. B. Archer* for plaintiffs in error.

*Attorney-General Alfred Caldwell* for the State.

JOHNSON, PRESIDENT:

At a Circuit Court held in March, 1888, in Wirt county, the defendants, David Hupp and " Bud " Morris, were, as the finding stated, indicted for felony. The indictment is as follows:

" The grand jurors of the State of West Virginia, in and for the body of the county of Wirt, and now attending the said court, upon their oaths present that David Hupp and Bud Morris, on the —— day of August, 1887, in the said county, a certain out-house and cellar not adjoining to nor occupied with the dwelling-house of J. W. Hale, there situate, in the night-time feloniously did break and enter, with intent the goods and chattels of the said J. W. Hale in the out-house and cellar then and there being feloniously to take, steal, and carry away, and one keg of wine, of the value of fifteen dollars ($15.00.), of the goods and chattels of the said J. W. Hale in the said out-house and cellar then and there being found, then and there feloniously did take, steal, and carry away, against the peace and dignity of the State."

On the 28th day of March, 1888, the defendants pleaded not guilty to the indictment, and a jury was impanelled and sworn to try the issue, and on the same day returned a verdict as follows : " We, the jury, find the defendants, David Hupp and Bud Morris, guilty as charged in the within indictment." The defendants, by counsel, moved in arrest of

judgment, which motion was overruled, and the court sentenced each of the prisoners to confinement in the penitentiary for the term of three years. A bill of exceptions shows the motion in arrest of judgment was based on the ground that the indictment did not aver the ownership of the property alleged to have been broken into. To the judgment the defendant obtained a writ of error.

The question here presented is: Was the court authorized to render the judgment and sentence it did upon the verdict? The verdict is, in general terms, that the defendants were guilty as charged in the indictment. With what were they charged in the indictment? Was it for felony or misdemeanor? It was evidently intended by the indictment to charge "house-breaking," which is a felony. In order to charge "house-breaking," all the authorities agree that the indictment shall allege the ownership of the house which has been broken into. 1 Whart. Crim. Law, § 816; *Webster's Case*, 80 Va. 598; *Butler's Case*, 81 Va. 162. In these two cases it is held that an indictment charging that "the prisoner," etc., "a certain mill-house not adjoining to or occupied with the dwelling-house of A.," etc., sufficiently alleges the ownership of the mill-house to be in A., and is sufficient in law. The indictment in *Speer's Case*, 17 Grat. 570, is referred to in both the late Virginia cases. But *Speer's Case* is no authority, because the point was not in that case raised or considered. It is true that the indictment in that case contains the same defect we find in the one before us, but the court took no notice of it whatever.

The attorney-general calls attention to the fact that the form of the indictment in this case is taken from Mayo's Guide, 357, and has long been in use in Virginia and this State; and its validity, as to alleging ownership of the property, has never been questioned until *Reece's Case*, 27 W. Va. 375, and the late Virginia cases already cited. This argument can have but little weight, unless there is ambiguity in the language used. It will not do to say that it was intended by this language to charge the ownership in the property entered as the same as that of the dwelling-house not adjoining and not occupied with it. The question still recurs: Does it so charge?

In *Reece's Case, supra,* it is said by the judge who deliver-ered the opinion: "It will be observed that the indictment wholly fails to state the owner of the storehouse in which the offence was committed. It merely states that it was 'a certain storehouse not adjoining the dwelling-house of Robert Buster, there situate.' If the storehouse had been 10 miles from the dwelling-house of Buster, and had been owned by the accused, these facts would be entirely consistent with the indictment." The court held the indictment bad as an indictment for "house-breaking," but good as an indictment for grand larceny; and cited *Howes's Case,* 26 W. Va. 110, and *Restell's Case,* 1 N. Y. 379. For the same reason the indictment here is fatally defective as an indictment for "house-breaking;" but it is good as an indictment for petit larceny, as that offence is distinctly charged, the value of the wine alleged to have been stolen being alleged as $15.00. No judgment for felony on the verdict ought to have been rendered, and the court should have fixed a proper sentence for petit larceny.

The judgment of the Circuit Court is reversed and the case remanded to the Circuit Court of Wirt county for judgment to be entered on the verdict of the jury.

REVERSED.    REMANDED.