No. 11,251.

THE STATE OF LOUISIANA VS. RIVIERE RICHARDSON.

1. An indictment charging some but not all the elements of burglary, but containing a perfect charge of larceny, though bad as to the burglary, is good as to the larceny, and a verdict of guilty of larceny will be sustained.

2. The insufficient averments of burglary may, either on trial or on motion in arrest, be treated as superfluous and disregarded. Whart. Cr. Ev. Sec. 138; 35 An. 1059.

APPEAL from the Eleventh District Court, Parish of St. Landry. *Perrault, J.*

*M. J. Cunningham*, Attorney General, and *E. B. Dubuisson*, District Attorney, for the State, Appellee.

*E. P. Veazie* and *C. F. Garland* for Defendant and Appellant.

The opinion of the court was delivered by

FENNER, J. The indictment charges that defendant " did feloniously and burglariously and with force and arms break and enter the store of E. Lafleur etc., and then and there, being at said time feloniously in said store, did then and there feloniously steal, take and carry away twelve dollars in U. S. currency and 25 pounds of coffee of the goods and chattels of E. Lafleur, contrary," etc.

After trial, the jury rendered a verdict acquiting him of burglary, but convicting him of larceny.

Defendant filed a motion in arrest on the ground " that the indictment against him contains but one count and that the same is radically defective on the face of the papers."

The judge having overruled the motion in arrest and passed sentence, the present appeal is taken.

In this court the point is urged that the single count of the indictment is fatally defective in charging the crime of burglary, and that is true and conceded by the State, because it does not set forth that the breaking and entering were with intent to commit a felony, as required by the statute.

Nevertheless, as an indictment for larceny, it is perfect in all respects, and as the defendant is convicted only of larceny, no reason appears for his complaint. The charges of burglarious entering and breaking are, so far as the count for larceny is concerned, merely superfluous, and, as they are not charged in such manner as to maintain the count for burglary, they might be stricken out or disregarded without affecting, in any manner, the charge of larceny. On the same point we have heretofore quoted and applied Mr. Wharton's language, as follows: " All unnecessary words may, on trial, or arrest of judgment, be rejected as surplusage, if the instrument would be good on striking them out." Whart. Cr. Ev., Sec. 138; State vs. Brown, 35 An. 1059.

Our ruling, far from conflicting with, affirms and applies the authorities relied on by counsel for defendant, viz.: Whart. Cr. L., Sec. 417; 30 An. 413; 34 An. 50. We hold that but one offence is charged and one penalty is inflicted.

Judgment affirmed.