(No. 5325.  Decided December 30, 1904.)

THE STATE OF WASHINGTON, *Respondent,* v. ERNEST B. RANDALL, *Appellant.*[1]

CRIMINAL LAW — BURGLARY — INFORMATION — UNOCCUPIED OUTHOUSE. Under Bal. Code, § 7104, an information which charges an attempted burglary of an outhouse adjoining a dwelling is demurrable if it fails to allege that the same was "occupied therewith," since the common law rule and definition of dwelling has been modified by the statute.

Appeal from a judgment of the superior court for Snohomish county, Denney, J., entered June 4, 1904, upon a trial and conviction of the crime of burglary. Reversed.

*George E. Banks* and *George A. Wotton,* for appellant.

MOUNT, J.—Appellant was convicted of an attempt to commit the crime of burglary. Upon this appeal no briefs have been filed on behalf of the state, and no appearance of any kind has been made by respondent. We are therefore led to infer that the correctness of the point made by the appellant and hereinafter discussed is confessed. Appellant demurred to the information upon the ground that it is not sufficient under the statute. This demurrer was overruled and appellant alleges this ruling as error.

[1]Reported in 78 Pac. 998.

The statute defining burglary is as follows:

"Every person who shall unlawfully enter in the night time, or shall unlawfully break and enter in the day time, any dwelling house, or outhouse thereunto adjoining, and occupied therewith, or any office, shop, store, warehouse, malt house, still house, mill, factory, bank, church, schoolhouse, railroad car, barn, stable, ship, steamboat, water craft, or any building in which any goods, merchandise, or valuable things are kept for use, sale, or deposit, within the body of any county, with intent to commit a misdemeanor or felony, shall be deemed· guilty of burglary, . . ." Bal. Code, § 7104.

The information is as follows, omitting the formal parts:

"Comes now H. D. Cooley, county and prosecuting attorney in and for Snohomish county, Washington, and by this information accuses Ernest B. Randall of the crime of attempted burglary committed as follows, to wit: That the said Ernest B. Randall, at Welangdon precinct, in the county of. Snohomish, and state of Washington aforesaid, on the 22nd day of December, 1903, did unlawfully, feloniously and burglariously attempt to enter in in the night time of said day, a certain outhouse adjoining unto the dwelling house of one Percy Schubert, said outhouse then and there being the property of said Percy Schubert, with intent then and there to commit a felony or a misdemeanor therein, the said Ernest B. Randall then and there being prevented and intercepted in the perpetration of said attempted burglary; contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state of Washington."

The point contended for is that the information charges an attempted burglary of an "outhouse adjoining unto the dwelling house," without alleging that such outhouse is "occupied therewith." Under the common law the term "dwelling house" included the building or cluster of buildings in which a man with his family resided. Bishop, Stat. Crimes (3d ed), § 278. The term "out-

house" has a well defined and understood meaning. "It denotes a building contributory to the habitation separate from the main structure, either within or without the curtilage." Bishop, Stat. Crimes (3d ed.), § 291.

In our statute the term "dwelling house" is used in its ordinary and usual acceptation, and does not include disconnected buildings which are not occupied by a member of the family. The terms "outhouse thereunto adjoining and occupied therewith" are, also, used in their usual and ordinary sense, and mean that any outhouse to be a subject of burglary must be both adjoining to the dwelling house and occupied therewith. Other outhouses, even though within the inclosure, are not subject to burglary, unless they are specifically named by the statute, or fall within the meaning of buildings named therein. In these respects our statute has modified the common law rules. In order to charge burglary of an outhouse under the statute, it is therefore necessary to allege the building burglarized as both adjoining the dwelling house and occupied therewith. The demurrer should have been sustained.

On account of this error the judgment will be reversed, and the cause remanded for such further action as the lower court may direct.

FULLERTON, C. J. and HADLEY, DUNBAR, and ANDERS, JJ., concur.