## THE STATE v. DENNIS LAWLER, Appellant.

### Division Two, May 18, 1909.

1. **EXCEPTIONS: How Preserved.** All exceptions taken during the trial of a cause, to be preserved for consideration by the appellate court, must be preserved in a bill of exceptions filed during the term of the court at which they were taken, or within such time after the expiration of the term as the court at the trial term or before that term has expired may grant.

2. ———: ———: **Motion for New Trial.** In order to have exceptions taken at the trial considered by the appellate court, there must be a motion for a new trial, which must appear in the bill of exceptions as naving been overruled and accompanied by an exception saved to the ruling of the court thereon.

3. ———: **Motion for New Trial: Bill Filed at Subsequent Term: No Extension Order.** Where the motion for a new trial was overruled and the cause continued to a subsequent term after motion in arrest was timely filed, a bill of exceptions filed at such subsequent term, without any order to subsequently file made at the term at which the motion for a new trial was overruled, cannot be considered on appeal. So that where the motion for a new trial was overruled on November 8th, and on November 12th a motion in arrest of judgment was filed, and on December 1st the case was continued until the next (December) term, and at that term the motion in arrest was overruled, and at that term appellant was for the first time given leave to file a bill of exceptions, a bill filed at that term in pursuance to such leave cannot be considered on appeal, and there is nothing before the appellate court for review except the record proper. A continuance of a motion in arrest does not save matters of exception.

4. **INDICTMENT: Larceny: In Dwelling House: No Ownership Charged: Good, Nevertheless.** An indictment does not sufficiently charge larceny in a dwelling house unless it alleges the ownership of the house or in some other way fully identifies the house. But it may, nevertheless, contain every substantive allegation essential to a good indictment for grand larceny; for instance, if it charges that the money stolen was the personal property of a named person, that it was of the value of $160, and that defendant did feloniously steal, take and carry away the same, with the intent then and there to deprive the owner thereof and to convert the same to his own use, against the peace and dignity of the State, it charges grand larceny, though it does not properly charge that the money was stolen from a

State v. Lawler.

dwelling house in that it does not allege the ownership of the house or otherwise identify the house. In such case the words "in a dwelling house" may be rejected as surplusage.

5. ————: ————: **Surplusage.** If the indictment is fatally defective as an attempt to charge larceny from a dwelling house, yet, nevertheless, if when the words are stricken out what remains is a sufficient charge of larceny, it will be held good, and a conviction and a punishment within the statutory limit for the crime properly charged will be upheld, there being no errors committed at the trial.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale*, Judge.

AFFIRMED.

*Elliott W. Major*, Attorney-General and *James T. Blair*, Assistant Attorney-General, for the State.

(1) It seems to be generally held that an indictment for larceny in a dwelling-house must describe the dwelling in such way as to identify it. Com. v. Smith, 111 Mass. 429; 2 Archbold's Cr. Pr. & P., *pp. 433, 434; Lamkin v. State, 42 Tex. 417; Williams v. State, 33 Tex. 345; Bishop's Dir. and F. sec. 588, note 8; Rex v. Campbell, 2 Leach (3 Ed.), 642; State v. James, 194 Mo. 275. (2) But the indictment in this case contains a clear enough charge of grand larceny when the words "in a dwelling house" are rejected, and they may be rejected, or, at most, taken as a mere matter of description. Com. v. Hathaway, 14 Gray 392; State v. Richardson, 45 La. Ann. 693; State v. Hupp, 31 W. Va. 358; People v. Lawrence, 137 N. Y. 524. And it is said that if the theft in the dwelling be well charged, but the proof on that phase fail, yet there may be a conviction for the larceny. 2 Archbold's Cr. Pr. and P. *p. 435; 1 Ib. *p. 174; 2 Hawkins' P. C. 625. (3) And the indictment here, rejecting the words "in a dwelling house" as surplusage, as authorized by the authorities, charges the offense of grand larceny. State v. DeWitt, 152 Mo. 79; State v. Plant, 209 Mo.

310; 1 McLain's Crim. Law, sec. 610, note 4; State v. Gallimore, 7 Iredell's Law (N. C.) 150; 2 Archbold's Cr. Pr. & P., *p. 355; State v. Calvert, 209 Mo. 285; State v. Moore, 66 Mo. 374. (4) On an information for burglary and larceny in which the allegation as to ownership of the building burglarized was so defective that this court after verdict and sentence for both burglary and the larceny held that no conviction for burglary thereunder could stand, yet the conviction for the larceny was upheld. State v. James, 194 Mo. 275. And the verdict of the jury is returned for the larceny. It finds defendant guilty "as charged." The jury even went so far as to label the verdict plainly so that no mistake could be made as to their finding.

GANTT, P. J.—At the April 1906, term of the circuit court of St. Louis the grand jury returned the following indictment:

*State of Missouri, City of St. Louis, ss.*
Circuit Court, City of St. Louis, April Term, 1906.
The grand jurors of the State of Missouri, within and for the body of the city of St. Louis, now here in court, duly impaneled, sworn and charged, upon their oath present, that Dennis Lawler on the seventeenth day of April, in the year of our Lord one thousand nine hundred and six, at the city of St. Louis aforesaid, one hundred and sixty dollars, lawful money of the United States, all of the value of one hundred and sixty dollars, all the money, goods chattels and personal property of H. H. Hermann in a dwelling house then and there feloniously did steal, take and carry away, with the intent then and there to deprive the owner of the use thereof, and to convert the same to his own use, against the peace and dignity of the State.        Rich M. Johnson,
                                                    Assistant Circuit Attorney.
    A true bill.—W. J. Kinsella. Foreman.

At the October, 1906, term of court, to which the case had been continued at his instance, defendant was duly arraigned, a jury regularly impaneled and sworn and a trial had, which, on October 12, 1906, resulted in a verdict assessing defendant's punishment at two years in the penitentiary.

On Wednesday, October 17, 1906, defendant filed his motion for new trial. On November 3, 1906, the motion for new trial was overruled. On the 5th day of November the order overruling the motion for new trial was set aside and the motion ordered refiled, and on November 8, 1906, the court again overruled the motion. On November 12, 1906, defendant filed his motion in arrest of judgment. On Saturday, December 1, 1906, the case, at defendant's request, was continued until the next (December) term of court. At the December term the motion in arrest of judgment was overruled, and on the 2nd day of February, 1907, leave was given to file bill of exceptions on or before March 5, 1907. On February 21, 1907, the bill of exceptions in this case was filed.

The evidence shows that about midnight, April 17, 1906, a fire occurred near the corner of Manchester avenue and Papin street in the city of St. Louis, breaking out in and consuming a structure adjoining the residence and saloon-building occupied by the prosecuting witness, H. H. Hermann. Hermann was awakened by his wife, and after arousing his family found defendant and a policeman in one of the rooms of his dwelling, their mission presumably being to apprise the occupants of their dangerous situation. The officer urged haste, and in defendant's presence Hermann stated that he "wanted to get his money," and the boxes containing the money charged to have been stolen by defendant were taken in his presence from a closet by Hermann. Defendant accompanied Hermann across the street to the residence of a Mrs. Baker, whither the Hermann children had gone after leaving the threatened building. The money was in cigar boxes, and consisted of one hundred and fifteen dollars in bills and fifty-five dollars in silver and nickels. The boxes were tied with "window strings." The money all belonged to the prosecuting witness, as charged in the indictment.

Hermann, in defendant's presence, gave the boxes to his little daughter, Annie, who, in company with Mrs. Baker and defendant, took them into the hallway of the Baker residence. The daughter set the boxes in the hallway and she and Mrs. Baker passed into one of the rooms of the Baker suite to attend to some want of the child, leaving defendant in the hallway where the boxes had been placed. When the little girl and Mrs. Baker re-entered the hallway defendant was stooping over the boxes in the corner. He sprang up and rushed out of the doorway, seizing Hermann by the arm, and on pretense of searching for Hermann's wife and baby, led the latter away with him. The little girl went immediately to the boxes and found them untied and the money gone, with the exception of a little change in one box, amounting to four or five dollars. The house in which the theft occurred was shown to be the dwelling house of the Baker family. The defense was an alibi, but defendant's witnesses, Simon and Busher, were not very clear in their testimony, and the identification of Lawler as the man in the hallway at the Baker residence was quite positively made by Henry Hermann, Mrs. Baker and Annie Hermann. Defendant's own witnesses place him at the scene of the fire that night, as does his own testimony. He was arrested about two o'clock a. m., a block and a half from that point. Defendant was searched after his arrest and the sole result of this process was the discovery of thirteen "ordinary white dice."

I. Defendant is not represented in this court by counsel, and there is no brief on file in his behalf, but we have examined the whole record. While there is a bill of exceptions incorporated in the record, the first question that arises is, were these exceptions preserved for review in this court at the time and in the manner required by law? It has been the uniform rule in this State that all exceptions taken during the trial

of a cause must be preserved in a bill of exceptions
filed during the term of the court at which they were
taken or within such time after the expiration of the
term as the court may grant.   In Riddlesbarger v.
McDaniel, 38 Mo. 139, it was ruled that where a mo-
tion for new trial was filed at the term the trial oc-
curred and was continued over and not determined
until the next term and no bill of exceptions had been
filed at the trial term, such exceptions could be pre-
served in a bill filed at a term when the motion for new
trial was overruled, though a subsequent term of the
court.   That ruling has been followed in many cases.
[Gray v. Parker, 38 Mo. 160; Henze v. Railroad, 71 Mo.
l. c. 644; Richardson v. Association, 156 Mo. 407; State
v. Larew, 191 Mo. l. c. 196-197; State v. Goehler, 193
Mo. l. c. 180; State v. Harroun, 199 Mo. l. c. 260; State
v. Jackson, 209 Mo. l. c. 399.]

It is equally the well-established law of this State,
since the decision in State v. Marshall, 36 Mo. 404, that
in order to have such exceptions reviewed in the appel-
late court there must be a motion for a new trial, which
must appear in the bill of exceptions as overruled and
an exception taken to the decision of the court thereon.
[Ross v. Railroad, 141 Mo. l. c. 395, and cases cited.]
Now in this case the defendant was tried at the Octo-
ber term, 1906.   In due time he filed his motion for a
new trial, which was overruled on November 3rd, 1906.
This order overruling his motion was set aside on No-
vember 5th, and afterwards on November 8th, the mo-
tion was again overruled.   On November 12th, 1906,
the defendant filed his motion in arrest of judgment,
which motion was continued at his request until the
December term, 1906, at which term it was overruled.
No bill of exceptions was filed at the October term of
the court, nor was any leave granted to file the same
at a subsequent date or term.   On February 2nd, 1907,
an extention of time for filing the bill of exceptions was
granted.

It seems too clear in view of the decisions above noted and the well established practice that these exceptions cannot be considered. Even had the bill been filed at the December term in the absence of any leave at the October term to do so, it would have been too late, as a continuance of the motion in arrest would not have saved matters of exception. There being then no valid bill of exceptions, it is obvious that nothing but the record proper can be considered on this appeal.

It follows then that any matter of alleged error in the admission or exclusion of testimony or in the giving or refusing of instructions cannot be considered.

II. Is the indictment sufficient to sustain the verdict and sentence? It will be observed that while the pleader attempted to charge larceny in a dwelling house, there is no allegation of the ownership of the house or any other or further identification of the same. The general doctrine in this State is that in statutes against larceny in a dwelling house, the phrase "dwelling house" has the same significance as in burglary, and it is well settled in this State that it is necessary to allege and prove ownership of the house charged to have been burglarized and the ownership of the chattel alleged to have been stolen. [State v. Jones, 168 Mo. 398; State v. James, 194 Mo. 268.]

Adhering to these precedents it must be held that the indictment did not sufficiently charge larceny in a dwelling house, but conceding that it did not charge larceny in a dwelling house, does it follow that it did not charge grand larceny? It will be observed that it does state that the money stolen was the personal property of one H. H. Hermann, and was of the value of $160, and that the defendant did feloniously steal, take and carry away the same with the intent then and there to deprive the owner of the use thereof and convert the same to his own use, against the peace and

State v. Lawler.

dignity of the State. In other words, it contains every substantive allegation essential to a good indictment for grand larceny, and the authorities generally hold that where the building is not properly described so as to bring the charge within the statute against larceny in a dwelling house, the words "in a dwelling house" may be rejected as surplusage and the indictment remain good for grand larceny. The point was distinctly made in Com. v. Hathaway, 80 Mass. 392, but the court said: "If the building was not properly described, or the count in the indictment was insufficient in other particulars as charging larceny in a building, the conviction was still good for simple larceny." And in State v. Richardson, 45 La. Ann. 692, the court quoted and applied Mr. Wharton's language as follows: "All unnecessary words may, on trial, or arrest of judgment, be rejected as surplusage, if the instrument can be good on striking them out." [Wharton's Cr. Ev., sec. 138.] In that case the court held that where the indictment was fatally defective in charging burglary, nevertheless as an indictment for larceny it was sufficient in all respects, and the attempted charges of burglary were superfluous and would be disregarded. To the same effect see State v. Hupp, 31 W. Va. 355; People v. Laurence, 137 N. Y. 517; State v. James, 194 Mo. l. c. 275-280.

The indictment then being nothing more nor less than a sufficient charge of grand larceny and the jury having found the defendant guilty as charged in the indictment, it must needs follow that the verdict was responsive to the indictment and therefore the indictment was sufficient to sustain the verdict and the sentence.

All the other proceedings in the cause appearing from the record proper are regular and the judgment and sentence is therefore affirmed. *Burgess* and *Fox, JJ.,* concur.