CARL SCHIFFNER v. STATE.

No. A-4402. Opinion Filed April 14, 1924.

Rehearing Denied Nov. 29, 1924.

(230 Pac. 274.)

(Syllabus.)

1. **Larceny—Allegation that Taker Intended to Deprive Owner of Use of Property Sufficient.** In the general larceny statute, it is not necessary to allege and prove an intention to deprive the owner of the use of the property and an intention to convert it to the taker's own use  Any trespass against the property of another, made with intent to deprive another of such property, is larceny under the general statute. An allegation that the taker intended at the time of the taking to deprive the owner of the use of the property, while unnecessary under the general larceny statute, is sufficient to meet its requirements..

2. **Same—Information, Charging Grand Larceny Held Sufficient.** For information held sufficient to charge the crime of grand larceny, see body of opinion.

3. **Trial—Prosecuting Witness Without Authority to Control Prosecution.** The prosecuting witness is without authority to control a criminal prosecution or to make any binding agreement with the defendant in reference thereto.

4. **Appeal and Error—Lack of Exceptions to Instructions—Review.** Where the record shows no objection or exception to giving of an instruction, such instruction will not be examined by this court for the purpose of discovering other than fundamental errors.

Appeal from District Court, Blaine County; Thomas A. Edwards, Judge.

Carl Schiffner was convicted of grand larceny, and he appeals. Affirmed.

I. H. Lookabaugh, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

MATSON, P. J. This is an appeal from the district court of Blaine county, wherein on the 13th day of January, 1922, plaintiff in error was convicted of the crime of grand larceny and sentenced to serve a term of three years' imprisonment in the state penitentiary. An appeal was taken to this court by filing herein on July 10, 1922, a petition in error with case-made attached. The assignments of error relied upon are: First, that the court erred in refusing to allow the plaintiff in error to withdraw his plea of not guilty for the purpose of filing a motion and demurrer to the information; second, that the court erred in overruling the objection of the plaintiff in error to the introduction of any evidence under the information filed, for the reason that the same failed to state facts sufficient to constitute a public offense; third, that the court erred in giving instruction No. 8 over the objection and exception of plaintiff in error; fourth, that the court erred in overruling the motion in arrest of judgment.

The first, second, and fourth assignments of error may be treated together. The refusal of the trial court to permit the plaintiff in error, defendant below, to withdraw his plea of not guilty for the purpose of demurring to the information, and the overruling of the motion in arrest of judgment, as well as the overruling of the objection to the introduction of evidence because of the insufficiency of the information to state a crime against the defendant, would apparently each and all be without merit if the information upon which the defendant was tried and convicted is sufficient to withstand a demurrer for want of sufficient facts to charge the crime of grand larceny.

The charging part of the information is as follows:

"In the name and by the authority of the state of Oklahoma; now comes Benn Smith, county attorney, in and for the state and county aforesaid, and gives the court to know and be informed that one Carl Schiffner and Charles Berry, late of the county of Blaine and state of Oklahoma on the 20th day of October, in the year of our Lord, one thousand nine hundred and twenty-one at and within the said county and state did then and there, unlawfully, willfully, and intentionally, knowingly, wantonly, maliciously, and feloniously commit the crime of grand larceny, as follows: That he, the said Carl Schiffner, and he, the said Charles Berry, did then and there unlawfully, willfully and feloniously steal, take, and carry away, by stealth, 100 bushels of wheat, of the value of $80. Said wheat then and there being owned by, and in the lawful possession of one Solomon Kline, a person then and there being, and he, the said Carl Schiffner, and he, the said Charles Berry, did then and there, without the knowledge or consent and against the will of him, the said Solomon Kline, steal, take, and carry away said wheat, unlawfully and willfully and with the felonious intent to deprive the said owner of the use and benefit of said wheat and to convert same to their own use and benefit, contrary to the form of statute in such case made and provided and against the peace and dignity of the state."

Larceny is defined by section 2101, Compiled Statutes 1921, as follows:

"Larceny is the taking of personal property accompanied by fraud or stealth, and with intent to deprive another thereof."

It is contended that the information in this case is insufficient to charge larceny in that it only charges against the defendant an intention to deprive the owner of the use of the property, and an intention to convert it to the use of the taker.

In Hughes v. Territory, 8 Okla. 28, 56 Pac. 708, the Supreme Court of Oklahoma said:

"The Legislature has modified the meaning of the word 'larceny,' as used in the Crimes Act, so that the taking of personal property, accomplished by fraud or stealth, and with intent to deprive another thereof, is larceny, regardless of whether or not it was taken for the purpose of depriving the owner thereof, or for the purpose of converting it to the use of the taker."

The definition of larceny at the time of the rendition of the opinion in Hughes v. Territory, supra, was the same as it is now.

In Sullivan v. State, 7 Okla. Cr. 307, 123 Pac. 569, citing Crowell v. State, 6 Okla. Cr. 148, 117 Pac. 883, this court said:

"Any trespass, involving the taking of personal property, accompanied with an intent to deprive another thereof, is larceny."

In the latter case the court was distinguishing between the general statute defining larceny and the special statute defining the stealing of live stock, and distinguishing between the two statutes and the necessary allegations to support a conviction for larceny of live stock.

In the general larceny statute, it is not necessary to allege and prove an intention to deprive the owner of the use of the property, and intention to convert it to the taker's own use. Any trespass against the property of another, made with intent to deprive another of such property, is larceny under the general statute. The information in this case is amply sufficient to charge the crime of larceny under the modified statute of this state. The allegation that the taker intended at the time of the taking to deprive the owner of the use of the property, while unnecessary under the general statute, is sufficient to meet its requirements. State v. Lawler, 220 Mo. 26, 119 S. W. 639.

Further it is contended that the trial court erred in giving instruction No. 8 over the objection and exception of plaintiff in error. Instruction No. 8 is as follows:

"You are instructed that the prosecuting witness, Solomon Kline, was without any authority to control the prosecution in this case or to make any agreement in reference thereto, and if you find the said Kline made any such agreement it was illegal, not binding on the state and constitutes no defense to the crime charged in this action."

The defendant introduced some evidence to the effect that the prosecuting witness entered into an agreement with him to dismiss the prosecution, provided the defendant would return the stolen property. The prosecuting witness denied any such agreement. Had such an agreement been made it was not binding on the state as the jury were told by the court in instruction No. 8, and such agreement constituted no defense to the crime charged. The instruction was a correct statement of the law, and the record further shows that no objection was made to the giving of it, and no exception taken to the giving of the instruction at the time it was given. Under the state of the record, as to this assignment no question is properly presented which would require this court even to review the alleged error.

This is a conviction wherein the plaintiff in error was clearly proven to be guilty of the offense charged. In addition to the circumstantial evidence offered by the state, the defendant confessed his guilt of the crime on the day following its commission, and subsequently thereto pleaded guilty to the offense at the time the preliminary examination was held. Further, he made restoration of the stolen property. The defense interposed was an alibi. It was for the jury to decide the conflicts in the evidence. Suffice it to say that, if the state's evidence was believed, it is amply sufficient to sustain the verdict and judgment.

Finding no reversible error in the record, the judgment is affirmed.

BESSEY and DOYLE, JJ., concur.