STATE v. J. W. CRITES

(No. 6907)

Submitted January 20, 1931.    Decided January 27, 1931.

*M. W. Gamble,* and *E. L. Judy,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

MAXWELL, JUDGE:

The defendant stands convicted of burglary and is under sentence of five years' confinement in the penitentiary. The

conviction is based upon an indictment charging him, in the first count, with entering without breaking, and, in the second count, with breaking and entering, in the nighttime, "a certain chicken house, the same being an outhouse belonging to Rebecca Borror, the said chicken house not then and there being a dwelling house, but then and there being an outhouse adjoining the dwelling house, of the said Rebecca Borror," and of stealing therefrom one chicken hen of the value of one dollar. The indictment is based upon section 11, chapter 145, Barnes' Code, 1923.

Evidence on which the state relies warranted the jury in believing that in the nighttime the defendant visited the chicken roost of Mrs. Borror, inserted his hand through a hole in the structure which sheltered the chickens and took one therefrom. The evidence further shows that this structure was from three to four feet long and about four feet high (width not shown). One witness testified: "It looks to me something like a box, with some boards nailed up together." This structure was not an outhouse nor a building; it was a mere coop. Theft of fowls from a coop is not burglary. *Gunter* v. *State,* (Ark.) 116 Am. St. Rep. 85. The statute, in making it a felony of high degree to burglarize an outhouse adjoining a dwelling house or occupied therewith, must, in all reason, be interpreted to refer to a structure which is in reality a building within the ordinary accepted meaning of that word, and certainly the common understanding of the meaning of a building would, at the very least, exclude a structure into which an adult human being could not enter erect and in which he would scarcely have sufficient room to turn around.

We reverse the judgment, set aside the verdict and award the defendant a new trial.

*Reversed and remanded.*