STATE *v.* RUBEN COOPER

(No. 7030)

Submittd October 27, 1931.    Decided November 3, 1931.

*Hager & Glenn,* for plaintiff in error.

*Howard B. Lee,* Attorney General and *R. A. Blessing,* Assistant Attorney General, for the State.

WOODS, JUDGE:

Ruben Cooper complains of a judgment of the circuit court of Logan County sentencing him to confinement in the penitentiary for a term of five years.

The indictment was in two counts. The first charged felonious entering without breaking of a certain store building of Tri-State Refining Company, the same not adjoining to or occupied with a dwelling house there situate, with intent to commit larceny and the actual taking of merchandise of the value of $50.00; the second, the larceny of five "tires" of the aforesaid value. The defendant interposed a general demurrer, which was overruled.

The second count, as pointed out by the defendant, is defective in its description of the property alleged to have been stolen. Even though this is an age of automobiles, it cannot be taken for granted that "tires" refers to automobile tires alone. *Anable* v. *Com.,* 24 Gratt. 563. The first count sufficiently charged an offense under section 13, chapter 145, Code 1923. The allegation therein of actual larceny not being necessary, but merely in aid of intent, need not be made with the same formality as a count for larceny itself. *State* v. *McClung,* 35 W. Va. 280; *State* v. *Caddle,* 35 W. Va. 73. There being one good count, the general demurrer was properly overruled. *State* v. *McClung, supra; State* v. *Cartright,* 20 W. Va. 32. And the verdict being general, it is deemed a conviction of the offense of entering and not for larceny. *State* v. *McClung, supra; Speer's Case,* 17 Gratt. 570. Likewise, on a general demurrer, one good count is sufficient to support a verdict. Section 23, chapter 159, Code 1923.

The second assignment of error is that the state has failed to prove an entering without breaking, as alleged in the indictment. The evidence of the state is to the effect that there was a breaking and entering. Is this variance fatal? Breaking and entering, and entering without breaking, under the statute (secs. 12 and 13, chap. 145, Code 1923) are kin-

dred offenses. While it might be a little more difficult to show a breaking, we are of opinion that the defendant cannot complain of such evidence, since the fact that there was a breaking and entering is sufficient to show an entering, which, when shown to have been done with the intent to commit larceny, establishes a *prima facie* case of the offense charged.

The defendant and one Leland Jones, after being apprehended in Mingo County, were arraigned before a justice in Logan County. At the preliminary hearing the tires, which were likewise found in Mingo County, were identified by, and returned to, Porter Lynn, the manager of the Tri-State Refining Company's service station. According to Lynn's testimony, the defendant and Jones had been around the service station a number of times during the two weeks immediately preceding the theft, and had bought oil and gas on various occasions. He also stated that both the defendant and Jones were in the tire room on the afternoon of June 29th or 30th, 1930, at which time they examined and priced the five Seiberling tires, each of which at that time had attached thereto a tag bearing a duplicate of its serial number; that the morning following the tires were gone; that the tags had been removed from the tires and left lying on the floor; that said tags were used in identifying the tires; that the building had been broken into. The special constable, who had been authorized to go to Williamson to get the defendant and Jones, found three of the tires at the city hall and two on an automobile. This witness stated that the defendant told him that the automobile belonged to him, and further, that he had bought the tires from a stranger. The evidence of the defense is in direct conflict with that offered on behalf of the state. Defendant denies telling the constable that he owned the car, and insists that it belonged to Jones. He states that he was not in the vicinity of the theft until the middle of July, at which time he, together with Mary Ely, rode to Williamson with Jones in the latter's car; that he was never in the Tri-State Refining Company's station. Mary Ely was the only other witness called for the defense. According to the defendant, Jones, who was jointly indicted within him,

258

is now in Virginia. The jury saw fit to believe the state's witnesses in preference to the defendant and his witness. So far as the verdict is concerned, it must stand. *State* v. *Winans*, 100 W. Va. 418. .

The judgment must be affirmed.

*Judgment affirmed.*