STATE OF WEST VIRGINIA *v.* LUNDY NEFF *et al.*

(No. 9105)

Submitted September 11, 1940.  Decided October 15, 1940.

*C. R. Summerfield, G. G. Duff* and *W. G. Brown,* for plaintiffs in error.

*Clarence W. Meadows,* Attorney General and *Kenneth E. Hines,* Assistant Attorney General, for defendant in error.

HATCHER, JUDGE:

The two Neffs were charged with burglariously breaking and entering in the night time a chicken house, an outhouse adjoining the dwelling house of J. A. Trent and belonging to him, and stealing from the chicken house his chickens valued at $30.00. The Neffs were found guilty of burglary and sentenced to the penitentiary.

The evidence is incomplete as to the size of the alleged chicken house and its proximity to the Trent dwelling. The former is described as a "small house", having a floor space of four and a half by five feet; but neither its height, nor evidence from which the height might be estimated, is shown. It had a hinged door fastened by a chain drawn through holes bored in the door and "the building face", respectively. The dwelling "sets back about" seventy-five feet from a public road; the chicken

house is "out across" the road somewhere, but its distance from the road or the dwelling is not shown.

At common law burglary was "an offense against the habitation not against the property." 9 C. J. 1009. But burglary could be committed on uninhabited structures, provided they were "parcel of" and within the same common fence as the mansion-house, though not contiguous to it. IV Blackstone 225; *Armour* v. *State,* 3 Humph. (Tenn.) 379, 385-388. The Virginia Assembly, Acts 1847-8, Ch. IV, Sec. 13, modified the common law by restricting the burglary of a building other than the dwelling house to "an outhouse adjoining thereto and occupied therewith." That restriction remained in the Virginia statute until this state was formed and then we adopted it. West Virginia Acts, 1882, Ch. 148, Sec. 11, substituted the alternative "or" for the connective "and", so that the phrase read "outhouse adjoining thereto (the dwelling-house) or occupied therewith." There has been no further change. See Code, 61-3-11.

All the words in the phrase are plain and well understood. No reason appears for not holding that they are used in their ordinary sense. *State* v. *Randall,* 36 Wash. 438, 78 Pac. 998. We held in *State* v. *Crites,* 110 W. Va. 36, 156 S. E. 847, that the word "outhouse" was so used, and, in effect, that it meant a building constructed at least large enough for an adult to enter erect and to turn around comfortably within. The State, failing to show the height of the structure in question, did not prove it to be a house at all. But if we should concede that because the Trents called it a house, it should be taken as such, the State has still failed to make a case because the so-called house, being across the public road one hundred feet or more from the dwelling house, can not, under any fair construction, be said to adjoin it. Since the statute limits the burglary of an outhouse not occupied in connection with the dwelling house, to one "adjoining" it, such contiguity must be proven. We are not advised of any decision on a statute like ours. But the statute, as amended in 1882, differs from the common

law more in words than substance. And under the common law an outhouse across a public road from its owner's dwelling house is held to be not parcel thereof and not the subject of burglary. *State* v. *Sampson,* 12 S. C. 567, 32 Am. Rep. 513; *Curkendall* v. *People,* 36 Mich. 309.

The judgment is reversed, the verdict set aside and a new trial awarded defendants.

*Reversed and remanded.*