STATE OF WEST VIRGINIA *v.* SHERLEY STONE

(No. 9623)

Submitted January 17, 1945. Decided February 20, 1945.

*Jackson Savage*, for plaintiff in error.

*Ira J. Partlow*, Attorney General, and *Ralph M. Hiner*, Assistant Attorney General, for defendant in error.

Fox, JUDGE:

At the October term, 1942, of the Circuit Court of Barbour County, the grand jury attending said court returned an indictment against Hugh Baker, Logan Spencer, Sherley Stone (plaintiff in error herein), Henry Daniel Lough, Jr., and Julius Sal, Jr. The indictment contains two counts, the first of which charges that the defendants "on the _____day of August, 1942, and within one year next preceding this finding, in the said County of Barbour, a certain gasoline service station belonging to one Murl McDaniel, said gasoline service station not then and there being a dwelling house or outhouse adjoining thereto or

occupied therewith, situate in the County aforesaid, unlawfully and feloniously did break and enter with intent the goods and chattels of the said Murl McDaniel, in the gasoline service station then and there being, then and there unlawfully and feloniously to steal, take and carry away; and 18 automobile tires of the value of $250.00, of the goods and chattels of the said Murl McDaniel, in the said gasoline service station, in the County aforesaid, then and there being found, then and there unlawfully and feloniously did steal, take and carry away, against the peace and dignity of the State." The second count charges entry without breaking, and in all other respects relates to the same offense as that charged in the first count.

There was no attack upon the indictment, by demurrer or otherwise, prior to the trial of the defendant Stone, which was had on November 2, 1943. In this trial the jury returned a verdict of "guilty as charged in the within indictment". A motion to set aside the verdict, on the ground that it was contrary to the law and evidence, was made at that term, and the trial court took time to consider the same. The order showing the trial and verdict contains this language: "This day came again the State by her Prosecuting Attorney and the Defendant, in person, who appeared at the bar of the Court in discharge of a recognizance entered into by him at a former term of this Court, and was assisted by Counsel, and the Defendant being arraigned at a former term of this Court, plead not guilty to the Indictment herein and issue was thereon joined, * * *."

On March 7, 1944, at a term subsequent to that at which the trial aforesaid occurred, the motion to set aside the verdict was overruled, to which action of the court the defendant excepted at the time. Whereupon, the defendant moved the court in arrest of judgment "upon the grounds for the same that the indictment was insufficient in law so that no judgment could be pronounced upon same," which motion the court overruled, and to which action of the court the defendant objected and excepted at the time. Following this the court imposed a sentence

of punishment upon the defendant, to which rulings and actions of the court we granted this writ of error.

The errors relied upon for reversal as stated in the brief of counsel for defendant are as follows:

"1. The Court erred in failing to arraign the accused or take a plea either of guilty or not guilty and of entering the same as a matter of record upon the order book of the Court.

"2. The Court erred in failing to direct a verdict of not guilty at the conclusion of the State's evidence.

"3. The Court erred in refusing to set aside the verdict of the jury and to grant the defendant a new trial.

"4. The Court erred in refusing to grant the defendant's motion in arrest of judgment.

"5. The Court erred in giving the State's instruction No. 4 over the objection of the defendant."

These assignments will be considered in the order stated above.

There is no merit in the first assignment of error. The record is not entirely clear as to the exact time when the defendant pleaded not guilty. The matter of his formal arraignment is unimportant. Code, 62-3-2. His presence in court, required at all times during the trial, accompanied by counsel who represented him throughout the trial, convinces us that no injustice will be done him in holding that his plea should be considered as made at that term, even though he may have made such plea at a former term, and no record thereof made at the time. It may be considered as a continuing plea. The form of the order entered by the court cannot be approved. There should in all cases be a clear showing of a plea by the entry of an order showing an appearance and the plea; but we cannot say, from the record, that no plea was entered at the term at which the trial was held, and certainly, at

some time, the defendant did plead not guilty, and was given a fair trial thereon.

The second and third assignments of error may be considered together. Treating the motion to direct a verdict for the defendant at the conclusion of the State's case, and the motion to set aside the verdict, as being made from the standpoint of the evidence introduced on the trial, they present the same question as to the strength of the State's case. Believing, as we do, that the evidence, including that offered by the defendant, supports the verdict of the jury, for a stronger reason, we hold that it was not error to refuse to direct a verdict for the defendant before his evidence was heard. The State's case was stronger before than after the evidence on behalf of the defendant was introduced. It is clear that a crime was committed at the time and place alleged in the indictment, and that the defendant had been associated with those who were the direct participants therein, and had come with them from Morgantown to the scene of the crime at Philippi. We have the testimony of a state trooper that defendant admitted to him that at the time the service station was broken into, and the automobile tires taken therefrom, he was watching or guarding the road for those who actually committed the offenses charged. To this may be added the further evidence, undisputed, that when the parties who actually committed the crime left the scene of their depredations, the defendant was up the hill on the side of the road, apparently waiting for them, and got into the automobile which had brought them from Morgantown to Philippi, presumably for the purpose of returning to Morgantown. All this tends strongly to support the finding of the jury that the defendant participated in the crime committed that night. If he guarded those who actually raided the service station, he is equally guilty with them. True, he denies that he guarded the road for them, or that he so stated to the state trooper; but the question of who should be believed on that point was for the jury. We see no reason why the jury's finding on the question of guilt should be disturbed.

The fourth assignment of error is the refusal of the court to sustain the motion in arrest of judgment. That motion is based on the language of the indictment that "a certain gasoline service station" was broken into and entered with intent to commit larceny. The contention is that "a gasoline service station" does not come within the description of "office, shop, storehouse, warehouse, banking house or any house or building other than a dwelling house or outhouse adjoining thereto or occupied therewith, or any railroad or traction car, propelled by steam, electricity or otherwise, or any steam boat or other vessel", mentioned in Code, 61-3-12, as being the subject of burglary.

We think the indictment, so far as it charges the breaking and entering, or entering without breaking, is fatally defective, as an indictment for burglary. We think it clear that an indictment must charge the entry of a house or other premises as those are mentioned in Code, 61-3-12. Even after the indictment charging that the structure entered was a house or other premises, coming within said section, the question whether it was, in fact, such a structure or other premises, is a matter that may be submitted to the jury. *State* v. *Crites,* 110 W. Va. 36, 156 S. E. 847; *State* v. *Neff,* 122 W. Va. 549, 11 S. E. 2d 171. In those cases it was held that the entry was not into a structure coming within those defined by the pertinent statute; and in both cases it was held that by an outhouse was meant a building at least "large enough for an adult to enter erect and to turn around comfortably within." We know, as a matter of common information, that all gasoline service stations are not conducted within or in connection with a building, and that as to many there is no building connected therewith, although in many other instances there is a building used therewith that would come within the strict meaning of the statute. In *People* v. *Pettinger,* 94 Cal. App. 297, 271 P. 132, decided by a district court of appeals, a charge that the defendant entered a "service station" at a certain street and boulevard, was held not defective for failure to definitely locate and describe the place where the burglary was committed. In discussing

the case, it was held that " 'Service station' in modern parlance, commonly means a building from which gasoline and auto supplies are sold. This use of the words 'service station' indicates a building, just as do the words railway station and police station." This is the only case we have been able to find dealing with this particular question, and it does not impress this Court as stating sound principles of law. One of the landmarks of criminal law is that the defendant is entitled when charged with burglary, not only to have stated in the indictment the time and place the crime alleged against him occurred, but a description of the building with reference to which the burglary is alleged to have been committed. "It is essential to the validity of an indictment for burglary that it should describe the building in respect of which the burglary was alleged to have been committed with sufficient certainty to apprise the defendant of the trend of the evidence that will be offered against him, and also that it may appear affirmatively that the building in question was of such a character as to render an entry therein burglarious." 9 Am. Jur. 265.

A motion in arrest of judgment must be based on some matter appearing on the face of the record which would render the judgment, if given, erroneous or reversible. Black's Law Dictionary, 3rd Ed. 141. "A motion in arrest of judgment made after a verdict of guilty or a plea of guilty to prevent an entry of judgment is to be distinguished from a motion to quash an indictment. Reasons sufficient to sustain the action of the court in quashing an indictment may be insufficient to sustain a motion in arrest of judgment. The motion in arrest of judgment as regards an indictment presents only the sufficiency of the indictment. It is equivalent to a demurrer and can be sustained only when all that is alleged in the indictment may be true and yet the person convicted may not have committed any offense. Even for defects which would be fatal to an indictment upon demurrer, if such defects are of the character which are aided by a verdict, judgment will not be arrested after conviction. When the

sufficiency of an indictment or information is first challenged by a motion in arrest of judgment, the sufficiency of the allegations will be construed with less strictness than when raised by demurrer. In other words, an indictment is liberally construed on a motion in arrest of judgment." 15 Am. Jur. 98; *State* v. *Carver,* 49 Me. 588, 77 Am. Dec. 275; *People* v. *Jackson,* 191 N. Y. 293, 84 N. E. 65.

Code, 62-2-11, provides that "Judgment in any criminal case, after a verdict, shall not be arrested or reversed upon any exception to the indictment or other accusation, if the offense be charged therein with sufficient certainty for judgment to be given thereon, according to the very right of the case." This section impliedly recognizes the use of a motion to arrest judgment in a criminal case, although apparently there is no contrary contention on the part of anyone. In *State* v. *McGinnis,* 116 W. Va. 473, 181 S. E. 820, it was held that "By failure to challenge the sufficiency of an indictment the accused does not waive the objection that the facts averred do not constitute an offense." And in the body of the opinion it is held that the omission to charge intent is not cured by Code, 62-2-11, quoted above, and it was there held that "The purpose of the statute is to cure inconsequential defects and not basic ones", citing *State* v. *Davis,* 87 W. Va. 184, 104 S. E. 484; *State* v. *Robison,* 109 W. Va. 561, 155 S. E. 649; *Old* v. *Commonwealth,* (Va.) 18 Gratt. 915. We think the defect in the indictment, pointed out above, was a basic defect, and of such importance as to justify sustaining the motion made in arrest of judgment, had the indictment charged a breaking and entering only.

Notwithstanding the invalidity of the indictment as one charging burglary, the trial court did not err in overruling the motion in arrest of judgment, for the reason that the indictment, and each count thereof, charges larceny of goods of the value of two hundred fifty dollars, and is good as an indictment for grand larceny. We think the proof sustains that charge, and the sentence as imposed by the court was not in excess of that authorized by statute, which

is the same punishment as that prescribed for burglary. Code, 61-3-12, 13. In *State* v. *Reece*, 27 W. Va. 375, an indictment for entering a storehouse was held to be defective, but it was also held that "If such an indictment contains sufficient averments to make it a good indictment for grand larceny, the charges in regard to the breaking and entering the storehouse may be treated as surplusage, and a conviction upon the indictment may be sustained." In *State* v. *McClung*, 35 W. Va. 280, 13 S. E. 654, it was held that "A count in an indictment alleging a breaking and entering into a dwelling with intent to steal goods therein, and actual larceny therein, although that part charging larceny is not drawn with sufficient precision to support a conviction of larceny, is not for that reason bad as a count for burglary. As the breaking and entering are charged to have been done with intent to commit larceny, a charge of actual larceny is not necessary and may be rejected as surplusage." *State* v. *Hupp*, 31 W. Va. 355, 6 S. E. 919, was a case where the indictment was defective as to the charge of breaking and entering, and it also alleged that the defendant had entered a cellar and stolen a keg of wine of the value of fifteen dollars, which was held to be a good indictment for petit larceny. The Court held: "On the trial of the issue on the indictment, the jury returned a verdict of 'guilty as charged in the indictment.' The prisoner moved in arrest of judgment, which the court overruled, and sentenced the prisoner to the penitentiary. *Held,*—Judgment for felony could not be rendered on the verdict, and the court should, on the verdict, have rendered a proper judgment for petit larceny." We think these holdings sustain the proposition that in the indictment before us, which was a good indictment for grand larceny, the verdict of the jury should be treated as a verdict of guilty on the good count in the indictment, even though, as we have held, the charge of burglary was not effectively made therein. *State* v. *Cooper*, 111 W. Va. 255, 161 S. E. 30. For this reason the court did not err in overruling the defendant's motion in arrest of judgment.

But this being true, we still have to consider assignment

of error No. 5, relating to the giving of instruction No. 4 on the part of the State. That instruction reads: "The court instructs the jury that if they believe from the evidence in this case beyond a reasonable doubt that the defendant, alone or with some other persons, prior to the finding of the indictment in this case, entered or assisted in entering the service station of Murl McDaniel mentioned in the indictment, with the intent to take, steal and carry away any of the property in the said service station, then you shall find the defendant guilty as charged in this case." This instruction told the jury to find the defendant guilty if it believed from the evidence that defendant entered, or assisted in entering, the service station of McDaniel with intent to commit larceny. We have held that the exact charge covered by this instruction was not effectively made in the indictment. The jury, following this instruction, may have based the defendant's conviction upon the belief that he was guilty of entering the service station, or assisting therein. The presumption is that the instruction was, for that reason, prejudicial. We cannot assume that the jury ignored the instruction and found the defendant guilty of larceny. Our conclusion that the indictment is fatally defective, as to the burglary charged, inevitably leads to the further conclusion that an instruction, based entirely upon a fatally defective charge contained in an indictment, and so held by us, should not have been given. The judgment of the trial court must be reversed solely on the ground that, in the circumstances, it was improper to give the State's instruction No. 4.

The judgment of the Circuit Court of Barbour County is reversed, the defendant granted a new trial, and the case remanded to said court for that purpose.

*Reversed and remanded.*